# Haslage's Appeal.

*Power of Orphans' Court to set aside Sale of Lands.—Appeal, when allowed in such cases.*

The Supreme Court will not review the action of the Orphans' Court as to the exercise of their discretion in setting aside a sale, except where the wrong is great and manifest: nor will an appeal, taken hereafter, on such grounds, be entertained without a special *allocatur*.

THIS was an appeal, by William Haslage, from the decree of the Orphans' Court of *Allegheny county*, setting aside the confirmation of a sale of the real estate of H. H. Ryan, deceased.

On the petition of the administrators of H. H. Ryan, accompanied by the written assent of the widow and sister of deceased (Mrs. Ann S. Combs), an order was granted by the Orphans' Court to sell the real estate of deceased for the payment of debts; a schedule of which was attached to the petition.

The order of the court prescribed the time, place, and condition of sale, and also the notice to be given by the administrators. Bonds were given in due form, and, by leave of court, the sale of a part of the property, known as the Spring Hill Tract, was adjourned, or the time extended; the place, time, and terms remaining unchanged.

On the 19th of May 1860, the administrators reported in the

usual form that they had sold one portion of the Spring Hill property for $10,200, and the other portion for $475, to William Haslage, which report was confirmed *nisi*.

On the 28th of May 1860, exceptions were filed to the confirmation of this sale by the widow and Mrs. Combs, on the ground of inadequacy of price; accompanied by the affidavit of Leonard Walter that he was willing to bid a larger sum than that for which the property had been sold.

The court, on argument, dismissed the exception and confirmed the sale absolutely; whereupon Mr. Haslage prepared to comply with the conditions of sale by paying the cash portion of the purchase-money, and executing a mortgage for the balance, of which he gave notice to the administrators.

Before the deed was executed Mrs. Combs filed a bill of review, praying the court to rescind the decree, averring, *inter alia*, that her assent to the sale was procured by the assurance, on the part of the administrators, that if the price bidden for the property should be inadequate the sale should be set aside; that the property was sacrificed at the price for which it was sold, the time for selling being unpropitious; that she was prevented from attending the sale by illness in her family, and was not represented there because of these assurances; that the property was worth $17,000, and would sell for $11,600 at a resale; that, although the representations of the administrators were honestly made and intended, yet without the relief prayed for the estate would be reduced to insolvency, &c.

To the bill of review was annexed the affidavit of Charles Meyran that he would give $11,500 for the property.

On filing this bill and before answer, the court filed a preliminary order, giving time for the taking of testimony in the case for and against the application.

On the 13th of July 1860, the answer of Mr. Haslage was filed, denying most of the material averments in the bill, averring that the sale was fair in all respects, and was well attended; that Mrs. Combs was represented by counsel in the premises; that Reinman, as mortgage-creditor of deceased, was present and declined bidding, and had refused to guaranty a larger bid if the sale was adjourned, and had urged the administrators to procure the order of sale to keep down the accruing interest on the debts of the decedent, &c.; and that, although no deed had as yet been delivered to him, he had, at considerable trouble and expense, procured the purchase-money, and was ready to comply with the conditions of sale, &c.

The court, on hearing the testimony, under the authority of Crawford *v.* Boyer, 2 Harris 380, and the reasoning of the court in Rhoads *v.* Frick, 6 Watts 317, and McClure *v.* Foreman, 4 W. & S. 280, set the sale aside.

[Haslage's Appeal.]

The purchaser, Mr. Haslage, thereupon appealed to this court, and assigned for error the following matters, to wit:

1. The court erred in setting aside the decree of confirmation absolute, entered June 12th 1860.

2. The court erred in setting aside the sale made to William Haslage.

3. The court erred in setting aside the sale and decree of confirmation absolute.

4. The court erred in deciding that inadequacy of price, caused by the misapprehension of the law on the part of one of the heirs, was a sufficient ground of setting the sale aside. .

*David Reed*, for appellant, cited and relied on Morrison *v.* Witey, 7 W. & S. 437; Salter's Appeal, 4 Casey 170; Hawk *v.* Stouch, 5 S. & R. 161; Fox *v.* Mench, 4 W. & S. 447; Miles *v.* Diren, 6 Watts 148; Yeager's Appeal, 10 Casey 173; Russell's Appeal, 10 Casey 258; Vastine *v.* Fury, 2 S. & R. 434; Shields *v.* Miltenberger, 2 Harris 79; Young's Appeal, 2 Penna. R. 380; Carson's Sale, 6 Watts 144; Evans *v.* Miller, Tr. & H. Pr. 805; Whiteau *v.* Pratt, Id. 805–6; Campbell *v.* Ruddach, Id. 806; Story's Eq. §§ 244–250; Wharton's Digest, title "Execution," p. 782, No. 529; Dimmock's Estate, 5 Penna. Law J. 262; Same Case, Hood on Executors 281.

He also cited the Act of 1832, relative to appeals to the Supreme Court, and the Act of June 16th 1836; Witter *v.* Hoag, 7 Paige 18; Hess's Appeal, 1 Watts 257; 7 Harris 440; Eckfeld's Appeal, 1 Harris 172; 3 Binn. 273.

*A. S. Bell*, for appellee, contrà.

The opinion of the court was delivered, January 7th 1861, by

LOWRIE, C. J.—There is no particular virtue in the form which this proceeding took in the court below, that entitles it to be reheard here. The bill, or petition of review, was nothing more than a motion for a rehearing on the report of the sale; in which all the reasons in its support are fully stated. If we review the matter, it is only because the setting aside or confirmation of a sale of land under the order and supervision of the Orphans' Court, is a proper subject for review.

On the hearing, the court set aside the sale because there was some inadequacy of price, and the complaining heir had been misled by one of the administrators in relation to the conclusiveness of the result of the biddings. We confess a doubt about the sufficiency of these grounds, as shown by the evidence, and think we should ourselves have allowed the sale to stand. But we cannot treat this case as we might have done, if holding the Orphans' Court. The question here is:—Is the action of the

[Haslage's Appeal.]

Orphans' Court so manifestly wrong, that we ought to say they have exercised their discretion unlawfully? We are not prepared to say so.

Possibly we ought to go further, and state the question to be, whether this court ought to listen to an appeal that goes on the grounds taken here. The practice is against it; and yet we dislike to venture on any general rules rejecting our authority, in the face of the law which gives us authority to review "all and all manner of pleas, plaints, and causes which shall be brought or removed here from any other court by virtue of any process issued by this court or any judge thereof, and to correct all and all manner of error" in their proceedings: Act 16th June 1836, § 1.

Fearing to do wrong by any general rule relieving ourselves of any part of this burden, we must also be cautious that we do no wrong by encouraging such cases as this, except where the wrong is great and manifest.

It would be a great discouragement to bidders at judicial sales, if they should be set aside on light grounds; but it would be a much greater discouragement to have it understood that the purchaser, by the fact of purchase, becomes a party to a suit that may be carried even to the Supreme Court before he can know that he is really a purchaser. And it would seriously embarrass all judicial sales, to have it understood that any of the sometimes numerous parties to it, creditors, heirs, and others, could at pleasure stop them until the judgment of the Supreme Court could be had. It is not to such incidental and collateral decrees as this that the law, giving an appeal from the final decrees of the Orphans' Court, applies; but only to the decrees between the parties in the main case. We think no appeal of this kind ought to be entertained, without a special *allocatur*, and this must be the rule hereafter.

Proceedings affirmed at the costs of the appellant.