## Shakespeare *versus* Delany.

A purchaser at sheriff's sale bid off the property of a defendant in an execution to protect his own interests as an encumbrancer by mortgage. The judgment index showed an existing judgment before his mortgage, which was certified to him after searches made, and believing his mortgage discharged by the sale, he made his bid accordingly. This judgment, by order of court, was stricken from the judgment index, having been erroneously entered thereon. The purchaser then, the purchase-money having been paid and the sheriff's deed acknowledged, took a rule to set aside the sale, vacate the acknowledgment and cancel the deed, which the court made absolute. *Held*, that this action was within the discretion of the court.

January 16th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county* : Of January Term 1877, No. 118.

Under a judgment of William M. Shakespeare against George Fisher and Henry Delany, two properties belonging to the latter were sold at sheriff's sale, on the 8th of September 1876, to Charles Delany. On the 7th of October following he paid the purchase-money, and the sheriff's deed was acknowledged, but not delivered or recorded, and remained in the hands of the prothonotary. An auditor was appointed to distribute the fund, when on the 18th of November, Charles Delany took a rule to set aside the sheriff's sale, vacate the acknowledgment, cancel the deed and refund the purchase-money, proceedings meanwhile to stay.

The purchaser, Charles Delany, was the holder of a mortgage for $5000 upon the property sold. Searches taken out before the sale by his conveyancer and attorney disclosed the fact that there appeared on the judgment index docket a prior judgment for $1079.06, which he was advised by his counsel would discharge the lien of his mortgage, and under this belief he bought the two properties for $2950. It appeared from the copy of the record of the suit in which the judgment against Henry Delany was entered that the entry of the judgment was a mistake of the prothonotary; an appearance for Henry Delany had been entered for him by counsel, though he was not a party defendant to the suit, and judgment was entered against him, and carried to the judgment index docket.

Upon the discovery of this mistake this judgment was stricken from the judgment index. The purchase of the property was therefore made after searches had been taken out, and counsel had advised that it was necessary to bid at the sale, in defence of the mortgage held by the purchaser. A further equity on which the petitioner rested his application for relief was that the property covered by his mortgage was not worth more than $3000, and that there was therefore no value in it above the mortgage, and for which, under his bid, he had paid to the sheriff $2950.

[Shakespeare *v.* Delany.]

Depositions for and against the rule were taken, that of Charles Delany embodying the foregoing facts, and Allison, P. J., made the rule absolute in an opinion, inter alia, saying: "This is an appeal to the discretion of the court, and upon a consideration of the entire case we think relief should be granted."

This action of the court was assigned for error by Shakespeare, who took this writ.

*Arthur M. Burton*, for plaintiff in error.—This rule was in terms and effect to vacate a previous judicial act or decree of the court. The order of the court thereon was therefore in the nature of a final judgment, and may be reversed for an excessive exercise of a discretionary function : Huston *v.* Mitchell, 14 S. & R. 307 ; Catlin *v.* Robinson, 2 Watts 373 ; Pontius *v.* Nesbit, 4 Wright 310 ; King *v.* Brooks, 22 P. F. Smith 363 ; Jackson *v.* Morter, 1 Norris 291.

*Joseph W. Hunsicker*, for defendant in error.—The court had the power to grant the relief prayed for in Delany's petition, on the grounds therein set forth: Crawford *v.* Boyer, 2 Harris 380 ; Cummings's Appeal, 11 Id. 509. A writ of error does not lie in this case, because the setting aside of a sheriff's sale, like the opening of a judgment or the granting of a new trial, if application is made at the same term, is within the discretion of the court: Rees *v.* Berryhill, 1 Watts 263 ; Sloan's Case, 8 Id. 194 ; Young's Appeal, 2 Barr 380 ; Braddee *v.* Brownfield, 2 W. & S. 271.

The judgment of the Supreme Court was entered, January 28th 1878.

PER CURIAM.—One of the important functions of the Court of Common Pleas is to supervise the execution of its own process, in order to prevent injury and injustice to its suitors, and those interested in their estates when levied in execution or otherwise. Here a purchaser at sheriff's sale bid off the property of a defendant in an execution to protect his own interests as an encumbrancer by mortgage. The judgment index showed an existing judgment before his mortgage, which was certified to him, and believing his mortgage discharged by the sale, he made his bid accordingly. In doing this he did just what the law required of him. A few days after the sale, a rule was taken, and in two days afterward made absolute, striking this judgment from the judgment or lien index, leaving him exposed to a grave question arising upon the effect of his bid, and liable to a large loss, if his money should not be applied on his own mortgage. The difficulty of the question lay in the fact that there never was valid judgment against Henry Delany, the owner, though there was an appearance for him, and a judgment

[Shakespeare v. Delany.]

was regularly indexed against him. Charles Delany being himself the purchaser at sheriff's sale, as well as an encumbrancer, clearly had the right to waive the effect of the delivery of the deed to him, and to surrender it for cancellation with the permission of the court. This being the case, and the process of the court being executed under such circumstances of manifest injury to the purchaser at the sheriff's sale, there was no excess or abuse of the power of supervision in the court below to demand our interference. On the contrary, it was proper that the court should, within the proper circle of its power see that no injustice should be done.. As to costs in such cases the court below can make such order as will do justice among the parties.

Proceedings affirmed.