## Fidelity Ins. Trust & Safe Deposit Co. *v.* John F. Byrnes et al., Appellants.

*Sheriff's sale—Setting aside sale—Discretion of court.*

The Supreme Court will not reverse an order confirming a sheriff's sale, where it appears that the land sold as a whole was made up of the unsold lots and streets of a land association; that the evidence as to the inadequacy of price was conflicting; and that defendant had given no available assurance that a higher and better price would be realized by the proposed re-sale of the property.

Argued Feb. 11, 1895. Appeal, No. 32, July T., 1894, by defendants, from order of C. P., Del. Co., confirming sheriff's sale. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to sheriff's sale.

From the record it appeared that the land sold belonged to a land association, known as the Folsom Land Company, and was composed of unsold lots and streets on a plan of lots. The

land was sold as a whole for $20,000, under judgments upon two mortgages aggregating with costs etc. $78,000, but the court required that plaintiff, who was the purchaser, should release defendant and the Folsom Land Company from personal liability for balance of mortgage. The sale was made under an order of court giving plaintiff leave to sell the property as a whole or in part. The advertisement of sale was submitted to defendant's counsel, and modified by them, and then published in its modified form. Real estate experts differed in their testimony as to the adequacy of the price realized by the sale. Exceptions to the confirmation of the sale were dismissed by the court.

*Errors assigned* were in dismissing exceptions, quoting them.

*W. Henry Sutton* and *Isaac Johnson*, for appellant.—This advertisement and the depositions plainly show that to sell such a property as this in a lumping sale is to sacrifice it.

The courts do not look with favor upon this kind of a sale: Rowley v. Brown, 1 Binn. 62; Grim v. Reinbold, 148 Pa. 446.

A lumping sale of real estate will be set aside unless it forms a clear exception to the general rule, which, in Pennsylvania, is that lots of ground, houses, etc., should be sold separately: Vastine v. Fury, 2 S. & R. 426; Ryerson v. Nicholson, 2 Yeates, 516; Tate v. Carberry, 1 Phila. 133; Thomas v. Curren, 6 W. N. C. 432; Baker v. Chester Co., 73 Pa. 117.

*Lewis Lawrence Smith*, for appellee.—There was no real inadequacy of price. The property was properly sold as a whole. The tract contained about 270 acres, including a considerable number of acres of streets. Its use and development as a land association imperatively demanded that it should be sold as a whole: Morse v. Freck, 7 Pa. C. C. 456; Marsh v. Pier, 4 R. 288; Cooper v. Wilson, 96 Pa. 409.

It is a sufficient answer to the allegations of various defects in the advertisements, that a draft was furnished to appellants' counsel under order of court, and the actual advertisements used were in accordance with their corrections: Johnson v. Johnson, 7 Lanc. Law Rev. 331; Swires v. Brotherline, 41 Pa. 135; Young's Appeal, 2 P. & W. 382; Weaver v. Lyon, 3 Cent.

498 FIDELITY INS., ETC., CO. *v.* BYRNES et al., Appellants.

Arguments—Opinion of the Court.          [166 Pa.

Rep. 263; Sharp v. Long, 28 Pa. 439; Barton v. Hunter, 101 Pa. 411; Carson's Sale, 6 W. 146.

PER CURIAM, March 5, 1895:

We are not convinced that either of the exceptions to the sheriff's sale should have been sustained. On the contrary, we think their dismissal, in the circumstances, was a proper exercise of judicial discretion. In the absence of any available assurance that a higher and better price would be realized by the proposed re-sale of the property, there was nothing to justify the court in setting aside the sale, and thus subjecting the plaintiff to further delay and expense in the collection of its claim.

Decree affirmed and appeal dismissed with costs to be paid by appellants.