300          LAIRD'S APPEAL. .

Syllabus—Opinion of Court below.      [2 Super. Ct.

# Appeal of W. M. Laird.

*Appeal—Sheriff's sale—Setting aside same—Act of May 9, 1889.*

Prior to the act of May 9, 1889, P. L. 158, no appeal was allowed from an order of court setting aside or refusing to set aside a sheriff's sale.

The act of May 9, 1889, which provided that every appellate proceeding should be called an appeal did not extend the right of review or change its extent or modify in any way its exercise.

*Presumption—Discretion of court.*

The matter of setting aside sheriff's sales belongs to the class in which the courts exercise dicretionary power. The appellate court will not presume that the court below acted arbitrarily and without proper proof of the facts on which to base its action. Where the court acts on extrinsic evidence the presumption is that everything was done rightfully and according to law.

*Amendment—Substitution of receiver for assignee.*

The substitution of a receiver for an assignee as plaintiff in an execution and exceptant to a sheriff's sale rests in the sound discretion of the lower court and will not be interfered with.

Argued May 13, 1896. Appeal, No. 43, April T., 1896, by W. M. Laird, from order of C. P. Beaver Co., setting aside sheriff's sale of real estate of Charles K. Brown, sold on lev. fa., Sept. T., 1895, No. 56, at suit of the Twin Cities Building and Loan Association. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

The facts appear by the opinion of the court below, MECKLEM, P. J., as follows:

That upon levari facias No. 56, September term, 1895, the property of Charles K. Brown, consisting of lot No. 341 on Main avenue in the borough of Aliquippa, was exposed to sale by the sheriff on Saturday, September 21, 1895, and sold to William M. Laird for the price or sum of $100.

Albert H. Clark, attorney for the plaintiff in the writ, was, at the time of said sale, engaged in the trial of a case in the city of Pittsburg, which made it impossible for him to be personally present at the sale.

Prior to the sale, however, he communicated with Louis Graham, the deputy sheriff, saying to him, "that in all probability" he "would not be able to attend said sale, and requested

said Graham to represent him at said sale and protect the claim of the plaintiff to the extent of a bid of $1,700."

Louis Graham, the deputy sheriff, consented to do this, but though present at said sale he failed to do as instructed by Mr. Clark, alleging that from some source, he thinks a telephone message, he was told not to have a bid put upon said property, or that the plaintiff and defendant had adjusted the matter in some way that the bid of $1,700 was not to be made. He says that he supposed Mr. Laird was bidding for Mr. Clark or the plaintiff. Upon these grounds the court is asked to set aside the sale, the petitioner showing that unless the sale is set aside it will lose its entire claim, amounting to $1,700, or that said claim will have to be paid by Albert H. Clark, its attorney, and that the price bid is wholly inadequate.

William M. Laird, the purchaser, resists this application and says that he is a lien creditor, and that said property will cost him over $380; that petitioner was guilty of laches and cannot now come into court and have the sale set aside, unless there was fraud or collusion, and that inadequacy is no sufficient cause for setting aside the sale.

It has been uniformly held that mere inadequacy of price is not sufficient cause for setting aside a sheriff's sale. If, upon a view of all the circumstances, and having due regard to the situations and the rights of all concerned, nothing appears upon which the court can act except the fact that the price was inadequate, the application will be refused.

But when the inadequacy becomes great, and the property is thereby sacrificed, the court will lay hold of any circumstances which, together with inadequacy of price, will make a sufficient reason for a resale: Twells v. Conrad, 2 W. N. C. 30; Ellis v. Bleim, 2 W. N. C. 290; Whitaker v. Birkey, 2 W. N. C. 476. In the second case just cited an alley between two houses was not mentioned in the sheriff's hand bill. This was the circumstance which, together with inadequacy of price, caused the court to set aside the sale, although the existence of the alley was known to the bidders, and the omission in the hand bill could not have affected the bids.

In Germer v. Ensign, 155 Pa. 464, the petitioner supposed that her brother had made arrangements to take care of his interests as well as hers in the property sold. She was, there-

302 LAIRD'S APPEAL.

Opinion of Court below—Arguments.        [2 Super. Ct.

fore, not present at the sale, and could not bid. The court below refused to set aside the sale, but the Supreme Court said : "We cannot see why the application was not granted."

In Ritter v. Getz, 161 Pa. 648, a rule had been pending to stay the writ, and this fact had caused certain intending bidders not to attend the sale. The sale was set aside and the Supreme Court said that "the reasons were quite sufficient to justify the action of the court. The price was grossly inadequate, and the court was at liberty to seize upon any other circumstances to give relief."

In Phillips v. Wilson, 164 Pa. 350, certain liens prior to a mortgage had been paid excepting the costs, but the liens were unsatisfied. The petitioner alleged that he did not know that the mortgage would be discharged, and consequently he let the property be sacrificed without any effort to protect his client. The petitioner was in error as to the law. The sale was set aside. The Supreme Court said, "We are satisfied that in making the rule absolute the court acted within the lines of sound judicial discretion."

In the present case the attorney for plaintiff in the writ was detained by the exigencies of a trial, and was therefore unable to be present at the sale. He believed that his client would be protected by the bid of $1,700, which he had authorized the deputy sheriff to make at the sale. The latter made a mistake which, if relief is now denied, will prove disastrous to the plaintiff in the writ. These circumstances make a case that appeals very strongly to the judicial discretion of the court, and a case that is so fully within the lines laid down in the cases above recited, that we are impelled to grant the relief prayed for.

Rule is made absolute.

*Errors assigned* were, (1) making rule absolute; (2) not directing sheriff to execute and acknowledge deed to purchaser.

*Frank H. Laird,* with him *Richard S. Holt,* for appellant.— The plaintiff could not authorize the deputy sheriff, who was a ministerial officer and as such an agent of the debtor and the creditor, to bid at said sale: Knight v. Herrin, 48 Maine, 533; Payson v. Hall, 30 Maine, 319; Robinson v. Clark, 52 N. C. 562; Harrison v. McHenry, 9 Ga. 162; Carr v. Houser, 46 Ga.

479; Hury v. Grimes, 52 Ga. 343; Macon v. Huff, 60 Ga. 228; Randall v. Lautenberger, 16 R. I. 158; Veazie v. Williams, 49 U. S. 134; Michoud v. Girod, 45 U. S. 503.

Even if the deputy sheriff could have legally acted as the agent of the plaintiff in the purchase of the property his failure to attend the sale and bid was a failure of the plaintiff: Houk v. Knop, 2 Watts, 72; Parkhurst v. Cory, 3 Stockton, (N. J.) 233; Snyder's Est., 2 Pa. C. C. 550; Anonymous, 1 Vesey, Jr. 433; Campbell v. Ruddach, T. & H. Pr., 5th ed. 1011, note. The court should adopt a policy which will discourage negligence, prevent delay and render judicial sales certain: Vastine v. Fury, 2 S. & R. 435; Carson's App., 6 Watts, 146. Inadequacy of price is not sufficient: Weitzell v. Fry, 4 Dallas, 218; Hollister v. Vanderlin, 165 Pa. 252; Murphy v. McCleary, 3 Yeates, 405; Bank v. Bertolet, 1 Woodward, 91; Kern v. Murphy, 2 Miles, 159; Cooper v. Galbraith, 3 Washington C. C. Rep. 557. In order to set aside a sheriff's sale, there must be satisfactory evidence of fraud or abuse of power in the sheriff: Wood v. Monel, 1 Johns. Chan. Rep. 502; Young's App., 2 P. & W. 381; Carson's App., 6 Watts, 146; Cooper v. Wilson, 96 Pa. 414; Sharp v. Long, 28 Pa. 439; Weaver v. Lyon, 3 Cent. Rep. 263; Cummins v. Little, 16 N. J. Eq. 48.

*A. H. Clarke*, with him *R. P. Lewis*, for appellee.—The appellate court will interfere only in cases where it is clearly shown that the lower court has abused its power: Germer v. Ensign, Admr., 155 Pa. 464; Phillips v. Wilson, 164 Pa. 350. The court may seize hold of any circumstances which, together with inadequacy of price, will be sufficient cause to set a sale aside: Ritter v. Getz, 161 Pa. 648.

PER CURIAM, July 16, 1896:

Prior to the act of May 9, 1889, P. L. 158, there was no appeal from an order setting aside or refusing to set aside a sheriff's sale: Hoffa's Appeal, 82 Pa. 297; Young's Appeal, 2 P. & W. 380. The appellate remedy if any of the party thinking himself aggrieved was by writ of error or certiorari. But as in applications for summary relief of this kind where the court is authorized to act upon extrinsic evidence a bill of

exceptions was not allowed to bring the facts upon the record, nothing was brought up for review but the record proper, and if palpable and gross abuse of the discretionary power of the court below did not appear on the face of the record, the Supreme Court invariably refused to reverse, and in some cases quashed the writ: Jackson v. Morter, 82 Pa. 291; Shakespeare v. Delany, 86 Pa. 108; Connelly v. The City of Philadelphia, 86 Pa. 110; Laird v. McCarter, 2 W. N. C. 213; Leonard v. Leonard, 20 W. N. C. 346; s. c., 9 Cent. Rep. 373; Rees v. Berryhill, 1 W. 263; Sloan's Case, 8 W. 194; Griffith v. Edwards, 10 W. N. C. 271; Weaver v. Lyon, 3 Cent. Rep. 263; Haslage's Appeal, 37 Pa. 440; Bower's Appeal, 84 Pa. 311. The act of 1889, supra, providing that every appellate proceeding shall be called an appeal did not extend the right of review, or change its extent in cases already provided for or modify in any manner its exercise: Rand v. King, 134 Pa. 641; Com. v. Bird, 144 Pa. 194; Gates v. Penna. R. R., 154 Pa. 566. In a recent case where the court below refused to set aside the sale, the Supreme Court dismissed the appeal, and although intimating that the grounds of the application seemed meritorious yet said: "The subject is one which belongs to the class over which the courts exercise a discretionary power, in view of all the circumstances prescribed to them for consideration. We cannot presume that this power was abused in this instance, and except for an abuse of it we do not ordinarily interfere in matters resting in the discretion of the lower courts:" Germer v. Ensign, 155 Pa. 464. In another case the court affirmed the order setting aside the sale, saying: "The price was grossly inadequate, and the court was at liberty to seize upon any other circumstance in order to give relief. We do not review the action of the lower courts in setting aside sheriff's sales except in extreme cases, and this is not one of them:" Ritter v. Getz, 161 Pa. 648. To the same effect are Cake v. Cake, 156 Pa. 47; Phillips v. Wilson, 164 Pa. 350; Hollister v. Vanderlin, 165 Pa. 248; Trust Co. v. Brynes, 166 Pa. 496. In many of the cases above cited the grounds for setting aside the sale were no more meritorious than those assigned by the court below in this case. They fully warrant us in holding (if authority is necessary) that whether we look at the record alone or also at the reasons assigned by the learned

judge for his action, there is apparent no such abuse of discretionary power as would justify us in interfering.

The record, it is true, does not show that depositions were taken in support of the rule; but the court may have heard oral testimony, as asserted by the appellee's counsel. We need not however speculate as to that. Where in the exercise of its discretionary power to grant summary relief in proceedings of this nature the court acts on extrinsic evidence the presumption is that everything was done rightfully and according to law: Bain v. Funk, 61 Pa. 185; Holland v. White, 120 Pa. 228; Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187. It is not to be presumed that the court acted arbitrarily and without proper proof of the facts upon which it based its action.

The rule to show cause why the sale should not be set aside was granted on September 21, 1895, upon the application—quoting the language of the petition—"Of the Fidelity Title and Trust Company, assignee for the benefit of creditors of the Twin Cities Building and Loan Association" (the plaintiff in the writ on which the sale was made) "by its attorney and agent in this behalf." The rule was argued on October 10th. On October 21st on motion of the attorney of record for the plaintiff who was also one of the attorneys for the rule and of the receiver, the petition, proceedings and record were amended to read: "The petition of the Union Trust Company, receiver for the Twin Cities Building and Loan Association, for rule on William M. Laird to show cause why sheriff's sale should not be set aside." This substitution of the Union Trust Co. for the Fidelity Title and Trust Co. was a matter resting in the sound discretion of the court below. No objection appears to have been made and we are not informed how the respondent was or could have been harmed by the amendment. Whether the former or the latter company was the proper representative of the interests of those entitled to the assets of the Twin Cities Building and Loan Association was for the court below. It is manifest, in any view of the case, that the sale was not set aside upon the application of a mere outsider, having no interest in the matter.

The order is affirmed and the appeal dismissed.