## Fricke's Estate.

*Decedents' estates—Orphans' court sale—Sale under power in will—Setting aside sale.*

The orphans' court has jurisdiction to set aside a sale made by an executor under a power conferred by a will, in case of gross inadequacy of price. In ordering a resale the court will direct the executor to return any cash payment that may have been made to him.

Argued Dec. 13, 1900. Appeal, No. 247, Oct. T., 1900, by J. L. Cresse, from decree of O. C. Phila. Co., July T., 1900, No. 137, setting aside an executor's sale of real estate in the estate of Albert Fricke, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition to set aside executor's sale.

The petition of J. B. Roberts, president of the Mutual Aid Association of Philadelphia County Medical Society, set forth the death of Albert Fricke on or about November 17, 1899, a copy of his will duly proved, by which he appointed Nicholas Lennig executor, to whom letters were duly issued, and directed and empowered him to sell and convey his real estate free and clear of all uses, limitations and trusts, the said association being made the residuary devisee and legatee of one half of his estate; the sale at public auction on July 17, 1900, by said executor, of premises No. 235 North Sixth street, Philadelphia, subject to an irredeemable ground rent of $195, part of said estate, to J. L. Cresse, the appellant, for $50.00, there being no deed yet executed, the valuation of said premises at $2,500 subject, etc., in the application for letters testamentary; an offer since the sale by George W. Tobler to the executor, to purchase said property if again offered for sale for $500, and that by reason of sickness in Tobler's family he was unable to attend the sale; that petitioner believed the price bid at the sale was inadequate; that the property was worth at least $500 above the ground rent; that petitioner would be greatly damaged if said sale was consummated, and prayed for a citation to said executor and J. L. Cresse to restrain the said executor

from executing a deed for said premises and why said sale should not be set aside and a new sale ordered.

The answer of J. L. Cresse averred that the redemption money named in the ground rent deed reserving said ground rent was $3,250; that the sale to him was made by the said executor by virtue of the power in said will by Barnes & Lofland, auctioneers, at public auction, after due advertisement by handbills and notices in newspapers published in Philadelphia; that he was the highest and best bidder, and that the whole of said consideration was paid by him at the time of sale; that the market value of irredeemable ground rents was fifty per cent premium, which would make the full selling price of said rent $4,875, the new offer being therefore less than ten per cent increase of the price bid by appellant; that he was advised that security should have been entered before issuing said citation; that he had no knowledge as to what valuation was given of said premises in the petition for letters testamentary, nor as to the reason for the nonattendance of Tobler at the sale, and if they were relevant, requested that petitioner be compelled to prove the same. He admitted the other facts, averred in said petition, and prayed the court to dismiss the petition with costs.

The answer of Nicholas Lennig averred that the said J. L. Cresse was the only bidder at the sale, which took place in the public salesrooms of the Philadelphia Bourse; admitted the facts set forth in the petition and submitted himself to the direction of said court.

The court entered a decree setting aside the sale and ordering a resale on bond being entered, conditioned that the property should bring $500 at the resale.

*Error assigned* was the decree of the court.

*C. D. Holden*, for appellant.—Inadequacy of consideration in the absence of fraud, accident or mistake is not sufficient cause for setting aside a sale of real estate: Daily's App., 87 Pa. 487; Andrews's Est., 6 Pa. Dist. Rep. 24; Graham v. Pancoast, 30 Pa. 89; Du Bois Boro. v. Du Bois City Water Works Co., 176 Pa. 436; Stephens's App., 87 Pa. 202; Bierer's App., 92 Pa. 265; Davidson v. Little, 22 Pa. 245; Cumming's App., 67 Pa. 404; Lynch's App., 97 Pa. 349.

The party seeking to rescind a contract must allege a return of the consideration or an offer to return the same: Bird's App., 91 Pa. 68; Nulton's App., 103 Pa. 286; Pearsoll v. Chapin, 44 Pa. 9; Sloane v. Shiffer, 156 Pa. 59; Schofield v. Shiffer, 156 Pa. 65; Lyle v. Shay, 165 Pa. 637; Lauer's Appeal, 12 W. N. C. 165; Walker v. France, 112 Pa. 203; Holtz v. Borgmann, 6 Pa. Dist. Rep. 217.

It was error to allow George W. Tobler to give security. Tobler was not a party to the record, nor had he any interest in the property. He merely offered to purchase at an increased price. The court first ordered the petitioner to give security, but afterward amended its order by substituting Tobler.

*Joseph A. Gorman*, with him *William Gorman*, for appellee. —The sole question here for determination is this: Has the orphans' court power to prevent a decedent's estate from being sacrificed if it appears to the court either that there was fraud or collusion, or that the price bid is totally inadequate? This, we think, has been settled in many cases: Hauck's Est., 37 Pitts. L. J. 8; Mussleman's App., 65 Pa. 480; Dundas's App., 64 Pa. 325; Daily's App., 87 Pa. 487; Johnson's App., 114 Pa. 132; Lewis v. Lewis, 13 Pa. 82; Wimmer's App., 1 Wharton, 104.

Appellant has no standing in this court, even supposing any merit in his case, as the supreme court has said time and again that it will not review the discretion of the orphans' court: Haslage's Appeal, 37 Pa. 440; Williams's Est., 140 Pa. 187.

*Charles Hart*, for Nicholas Lennig, executor, cited: Dundas's App., 64 Pa. 325.

OPINION BY WILLIAM W. PORTER, J., January 22, 1901:

Albert Fricke by his will directed and empowered the executor thereof to sell his real estate at public or private sale. Pursuant to this direction the executor offered a piece of the decedent's real estate at public sale. It was purchased by J. L. Cresse for $50.00, subject to an irredeemable grount rent. Petition was made by one of the parties interested under the will, to set aside the sale on the ground of inadequacy of price, and representing that one Tobler was ready to give $500 for the

property. Answers were filed by Cresse, the purchaser, and by the executor, the latter containing a submission to such decree as the court should make in the premises. The orphans' court thereupon entered a decree setting aside the sale, on bond being entered by Tobler, conditioned that the property should bring $500 at the resale therein ordered.

The sole question for consideration now presented is, whether the sale having been made by the executor under the power conferred by the will, the orphans' court had jurisdiction to intervene and order a resale. No doubt the court might make such an order in the case of a sale made by virtue of its own decree : Armstrong's Appeal, 68 Pa. 409, and cases cited. But it is contended that the power does not extend to a sale made by an executor by virtue of the expressed provisions of a will. This contention is met by the case of Dundas's Appeal, 64 Pa. 325, where the question was fairly raised. After reviewing the legislation and authorities on the subject, Mr. Justice Agnew uses this language : " It would appear from this legislation that the orphans' court has power to control executors and other testamentary trustees in the exercise of their powers over real and personal estate. There would seem to be good reason, therefore, to hold that the orphans' court has power to review, set aside and, if necessary, to order a resale of real estate made under a testamentary power. . . . This was a sale by authority of the testator, and needed no confirmation of the court or order to convey. The deed passed the estate directly to the purchaser and constituted an inviolable contract, which could be reached only by a judicial proceeding to which the purchaser should be a party, as well as the executors. . . . The orphans' court within the limits of its jurisdiction is strictly a court of equity (says Gibson, C. J.), proceeding by petition and answer, and enforcing its decrees by attachment, sequestration and execution, as the case may be. . . . In such a proceeding the orphans' court can grasp the controversy, set aside the sale, order the purchase money to be restored, and direct a resale by the executors under the will." This extended quotation is justified by its peculiar applicability to the case before us. It will be seen that the procedure here followed is that suggested and approved by the Supreme Court, and that here the sale has not been completed by the delivery of a deed and is, therefore, the

more open to judicial intervention. The order setting aside the sale made for so palpably an inadequate price, and the ordering of a resale on bond being entered securing a sale at a largely increased price, was within the discretion of the chancellor entering the decree. See Brown's Appeal, 68 Pa. 53, and Hamilton's Estate, 51 Pa. 58. There was no abuse in the exercise of the discretion vested in him. We, therefore, have no disposition to disturb the order he has made (see Haslage's Appeal, 37 Pa. 440, and Williams' Estate, 140 Pa. 187) further than to make an amendment saving the right of the purchaser who has made a payment on account. From the opinion above quoted, it appears that the decree may, and we believe should, direct a restoration of such purchase money as has been paid.

The record is remitted, with direction that the decree be amended by adding thereto an order to the executor to restore the cash payment made by Cresse, the costs of this appeal to be paid out of the estate of the decedent.