## Kreimendahl's Estate.

*Guardian and ward— Sale of real estate—Restitution.*

Where a guardian sells his ward's real estate under an order of the orphans' court, but fails to file the bond required by the order, and to have the sale finally confirmed, and receives the purchase money which he fails to account for to the ward at his majority, and the ward recovers the real estate from the purchaser by an action of ejectment, the orphans' court has jurisdiction to decree that the guardian shall pay back to the purchaser the amount of the purchase money. In such a case the purchaser cannot be charged with laches in not proceeding against the guardian until after the ejectment suit was determined.

Argued April 23, 1901. Appeal, No. 146, April T., 1901, by W. L. Bird, from decree of O. C. Allegheny Co., June T., 1891, No. 343, ordering restitution in the estate of Theodore Kreimendahl. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for a decree ordering restitution.

OVER, J., filed the following opinion:

STATEMENT.

The petition of Annie Neuhauser filed in this case avers,

that she purchased in October, 1891, from W. L. Bird, the respondent, as guardian of Theodore Kreimendahl, the ward's interest in certain real estate, paying Bird therefor $850; that the sale was made in pursuance of an order of this court; that by reason of Bird's failure to account to the ward for the purchase money at his majority, to file the bond required by the decree for sale, and to have the sale finally confirmed; that the ward recovered the real estate by action in ejectment from the petitioner. Upon this petition a citation was issued on Bird to show cause why he should not pay the petitioner the sum of $850, with interest from October 12, 1891.

In his answer and testimony taken at the hearing, Bird denied that the petitioner paid him the purchase money, and while admitting that he petitioned this court for authority to make the sale and executed and acknowledged a deed in pursuance of the order, denied that he delivered it and alleged that the sale was not consummated. Two disinterested witnesses testified that he admitted to them he had received the purchase money for his ward's interest, and the attorney who examined the title testified that when the sale was consummated the purchase money was paid to Bird, the deed for the ward's interest delivered to him (the attorney), and that Bird then promised to file the bond required by the decree on the following Saturday. His testimony is corroborated also by that of Mr. and Mrs. Neuhauser. The deed was recorded in the recorder's office on October 26, 1891.

The averments of the petition are sustained by the evidence and the facts found to be as there stated.

### OPINION.

When Bird was appointed guardian August 17, 1891, the order required him to give bond in $200 before entering upon the discharge of his duties, he neither complied with this decree requiring bond, nor with the decree authorizing the sale requiring a bond in $1,700, and it is contended that he was not guardian of the minor, that there was no sale under the decree of this court and that he is therefore not subject to its jurisdiction.

Bird was duly appointed guardian; he acted as such and in that capacity received from the petitioner the purchase money

for the ward's interest in the real estate. Had the ward elected to affirm the sale he could undoubtedly have compelled Bird to account to him as his guardian for the purchase money; as had he been a mere stranger or wrongdoor and taken possession of the minor's property he could in equity be considered as the guardian and compelled to account as such: Gilfillen's Estate, 170 Pa. 190, and cases there cited. And having received the money as guardian he is estopped from denying his accountability as such, and cannot set up or avail himself of the invalidity of the deed of sale: McClure v. Com., 80 Pa. 167.

The ward, however, is not here complaining, and the next question is whether we have jurisdiction to compel Bird to repay the purchase money to the petitioner. He received the money by virtue of the decree of this court acting under his appointment as guardian; he held it as trust funds subject to our order, and if for any reason the decree of sale had been vacated he would have been required as guardian to refund the purchase money to this petitioner, and there can be no doubt of our jurisdiction to make and enforce such a decree. The jurisdiction of this court is certainly not divested, because instead of the decree for sale being vacated it was nugatory by reason of his negligence in not complying with its provisions. To hold otherwise would be to allow him to take advantage of his own wrong.

In Mulholland's Estate, 154 Pa. 491, it was held that the orphans' court had jurisdiction to compel the mother of the ward to repay to the guardian money which he illegally paid her. See also Palmer v. Truby, 136 Pa. 556. It is well settled also that we can follow trust funds into the hands of third parties and compel their restitution: Brooke's Appeal, 102 Pa. 150; Odd Fellows Savings Bank's Appeal, 123 Pa. 356; Marshall's Estate, 138 Pa. 285. Having jurisdiction over them in the hands of a stranger to the trust it surely follows that we have jurisdiction over a trustee appointed by us to compel their restitution to the rightful owner, who invokes it. A decree will therefore be made requiring the respondent to repay to the petitioner $850, with interest thereon from October 15, 1891.

And now, to wit: December 17, 1900, this cause came on to be heard upon petition, answer and testimony taken, and was argued by counsel, and upon consideration thereof, it is ordered,

adjudged and decreed that W. L. Bird, the respondent, pay to Mrs. Anna Neuhauser, the petitioner, the sum of $850, with interest from October 15, 1891, and also pay the costs of these proceedings.

*Error assigned* was the decree of the court.

*N. W. Shafer* and *H. T. Watson*, for appellant.—The orphans' court had no jurisdiction.

*C. A. O'Brien*, of *O'Brien & Ashley*, for appellee, cited : McClure v. Com., 80 Pa. 167.

PER CURIAM, July 25, 1901 :

A careful perusal of the evidence has failed to convince us that the court erred in concluding that the averments of the petition were sustained, and in finding the facts to be as therein stated. Upon the facts thus found the court correctly held that it had such jurisdiction over the guardian, and the trust funds as enabled it to compel restitution of them to the rightful owner. The opinion of Judge OVER upon that question seems to us so conclusive as to render discussion of it by us unnecessary. In the same connection we may refer to a case recently decided by this court, Fricke's Estate, 16 Pa. Superior Ct. 38. The orphans' court would be weak indeed if it had not the jurisdiction claimed for it in his opinion. Immediately after the invalidity of the sale had been judicially determined, the appellee invoked the jurisdiction of the court to compel restitution of the money. In view of the principles upon which that jurisdiction rests, and the facts of the case, it cannot be said that she was barred by her right to bring the unfaithful guardian to account by the statute of limitations, or that she had forfeited her right to invoke the aid of the court by her laches. All the assignments of error are overruled.

The decree is affirmed, at the costs of the appellant.