# Rothermel, Appellant, *v.* Moyer.

*Bankruptcy—Judgment—Execution—Stay of execution.*

A judgment note prior in date to the United States Bankruptcy Act of July 1, 1898, contained a stipulation for release of all errors and without stay of execution. In 1902 execution was issued and a sale of personalty was advertised to be held on October 28, 1902. On October 27th defendant petitioned the court for a stay of the execution on the ground that he had on that day presented his petition praying to be adjudged a voluntary bankrupt. The court accordingly stayed the execution. The petition in bankruptcy, however, was not filed on October 27th, but was filed on October 28th, and the defendant was subsequently adjudged a bankrupt. Plaintiff took no appeal from the order staying the execution, but nine months afterwards filed a petition for a rule to show cause why the order should not be vacated. An answer was filed to this petition. In the petition the plaintiff did not allege that he did not have notice of, or an opportunity to be heard on the motion for stay. He did not deny the bankruptcy petition was in the form required by the act of Congress, and he admitted that the petition was filed on October 28th. The petition did not deny that the bankruptcy proceedings resulted in an adjudication in bankruptcy. *Held,* (1) that, even if the case was heard on petition and answer without testimony, the court was warranted in concluding that so far as the lien of the execution and levy upon personal property was concerned, the case was within the provisions of clause "*f*" sec. 67, of the Bankrupt Act; (2) that the court did not abuse its discretionary powers in refusing to open the order to stay the execution.

*Bankruptcy—Judgment—Stay of execution.*

Clause "*f*," section 67, of the Federal Bankruptcy Act, applies to a voluntary bankrupt, and is valid as to an execution on a judgment by confession, although such confession contains a stipulation of "release of all errors and without stay of execution." Under the Bankruptcy Act Congress may impair the obligation of contracts.

Argued Nov. 10, 1903.   Appeal, No. 211, Oct. T., 1903, by plaintiff, from decree of C. P. Berks Co., Nov. T., 1902, No. 11, discharging rule to show cause why the order to stay execution should not be vacated and set aside.   Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to set aside order to stay execution.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order discharging the rule.

*D. E. Schroeder*, for appellant.

*Joseph R. Dickinson*, with him *Jeremiah K. Grant*, for appellee.

OPINION BY RICE, P. J., March 14, 1904:
On October 20, 1902, the plaintiff issued a fi. fa. upon which a levy on real and personal property was made, upon a judgment by confession entered originally in 1894 and amicably revived in 1899.   The sale of the personal property levied upon was advertised to take place on October 28, 1902.   On October 27, 1902, upon the defendant's petition setting forth that he had on that day presented to the district court of the United States a petition in due form praying to be adjudged a bankrupt, that the sale of the personal property under the above execution would give the plaintiff a preference over other creditors, and that unless it was stayed the trustee in bankruptcy thereafter to be chosen would be involved in litigation to the great detriment and loss of the bankrupt estate, the court made an order, a copy of which was served on the plaintiff's attorney and the deputy sheriff on the day it was made, staying the execution and directing the lien of the levy to remain until further order.   No appeal or other action for the revocation of the order was taken by the plaintiff until nearly nine months afterwards, when upon his petition the court granted a rule to show cause why it should not be vacated. He alleged in his petition that the defendant's petition in bankruptcy was not filed or presented on October 27, 1902, but

admitted that it was filed and entered of record in the district court of the United States on October 28, 1902, and thereupon the defendant became a voluntary bankrupt. The defendant filed an answer virtually admitting these allegations, but averring additional facts occurring after the filing of the bankruptcy petition which would estop the plaintiff from complaining of the order even though it was irregularly made in the first instance. The court discharged the rule ; whereupon the plaintiff took this appeal, and has assigned for error the discharge of the rule and the refusal to vacate the original order.

It is argued that the burden of proof as to allegations of new matter set up in answer to a rule to show cause rests on the respondent, and, in the absence of a rule of court providing that if they are not denied by counter affidavit they shall be taken as admitted, must be sustained by evidence. This is true as a general proposition; but what right have we to presume from the mere fact that depositions were not taken that evidence was not adduced at the hearing of the rule in support of the defendant's allegations ? If there is any rule of court below forbidding the introduction of record or documentary evidence—as for example record evidence of the adjudication or discharge in bankruptcy—upon the hearing of an application for summary relief it ought to have been called to our attention. We ought not to be asked to presume that the court acted arbitrarily and without proper proof of the facts upon which it based its refusal to vacate its previous order. See Laird's Appeal, 2 Pa. Superior Ct. 300, 305. But assuming for a moment that the rule to show cause was heard and disposed of on petition and answer, does it follow that the refusal to vacate the previous order was an abuse of discretion ? We think not. It is to be observed the plaintiff does not allege in his petition that he did not have notice of or an opportunity to be heard on the motion for stay. This omission is significant; it is sufficient to repel any presumption that the court arbitrarily stayed his execution without proof that he had been notified of the intended application. Nor does he deny that the bankruptcy petition was " in the form required by the act of congress " as alleged in the affidavit upon which the motion was granted. True, he says it was not filed on October 27, but he admits that it was filed on the following day. The petition being in

due form and the proper schedules being attached an adjudication " follows as a matter of course and brings the bankrupt's property into the custody of the court for distribution among all his creditors:" Hanover National Bank v. Moyses, 186 U. S. 181 (22 Sup. Ct. Rep. 857). It is to be borne in mind that the discretionary power of the court to vacate an order which had not been appealed from within the time allowed by law and apparently had been acquiesced in by the plaintiff for nearly nine months was being invoked. Therefore it was incumbent on him to show not merely that the stay order was prematurely made, but also that, notwithstanding the bankruptcy proceeding, which admittedly had been duly instituted on October 28, 1902, it ought to be continued no longer. But the plaintiff did not allege that the bankruptcy proceeding thus instituted was not duly prosecuted according to law; and it is not supposable that if the petition was not in due form of law, or was dismissed, or was not promptly followed by an adjudication in bankruptcy, the plaintiff would not have alleged it. We think the court was warranted in inferring that neither of these things could in truth be alleged and therefore in concluding that so far as the lien of the execution and levy upon personal property was concerned the case was within the provisions of clause "$f$" section 67 of the bankruptcy act. This clause of the act applies to a voluntary bankrupt: Mencke v. Rosenberg, 202 Pa. 131. In answer to the suggestion that the clause is invalid as applied to an execution upon a judgment by confession which contains the stipulation of "release of all errors and without stay of execution," because it would impair the obligation of a contract entered into before the passage of the act it seems sufficient to quote the language of Chief Justice FULLER in Hanover National Bank v. Moyses, supra: " The subject bankruptcies includes the power to discharge the debtor from his contracts and legal liabilities, as well as to distribute his property. The grant to congress involves the power to impair the obligation of contracts, and this the states were forbidden to do." The jurisdiction conferred upon the court of bankruptcy by section 11 relative to stays is not exclusive. Application may be made to the state court and some judges have held that the mandatory provisions of this section are as binding on that

court as on the federal court. See Collier on Bankruptcy (4th ed.), p. 128. But we need not and do not go to the extent of holding that it was the imperative duty of the court in the present instance to continue the stay; it is enough to say that we do not discover from the record that the court exceeded or abused its discretionary powers in the premises.

Appeal dismissed at appellants' cost.