## Yost's Estate

*Robert V. Moser*, for petitioner.

*W. Irvine Wiest*, for executor.

MORGANROTH, P. J., September 9, 1940.—The executor of the estate of Margaret E. Yost, after leave to sell decedent's real estate at public sale for the payment of debts, exposed at public sale a dwelling house of decedent and sold the same for the sum of $480. Subsequently, the executor realized that the price was inadequate and joined a creditor in securing a better price, to wit, the sum of $800, which was offered by a reputable real estate company of Shamokin, which placed in escrow the sum of $400 as a down payment in support of its bid. On petition of the creditor a rule was granted on the successful bidder and executor to show cause why the sale should not be set aside and the premises resold. An answer was filed and testimony taken.

The sale was advertised for Saturday, May 25, 1940, at 10 a.m., without reference to whether standard time or daylight saving time, an hour later, should apply. Be-

tween the first insertion of the advertisement and the day of sale, the citizens, churches, and business houses in the Borough of Shamokin, where the real estate was located and where the sale was held, determined to observe daylight saving time, and a bidder, who testified that he thought the property was worth about $850, arrived on standard time, and the real estate had at that time been sold. But whether or not there was a misunderstanding as to the time of the sale, we are convinced by the testimony that the price bid is grossly inadequate, and that a better price will certainly be secured if the property is resold, for the reason that there is already the sum of $400 deposited on an $800 bid for the property.

It is the duty of the orphans' court to see that a fair value is received for a decedent's real estate: Orr's Estate, 283 Pa. 476. And a purchase is not complete until confirmed, and the purchaser is regarded as standing in the situation of a bidder at a master's sale in chancery; his bid is but an offer to the court which may be accepted or not in its discretion: Hess' Estate, 44 Lanc. L. R. 19. Inasmuch as the sale as returned should not be confirmed and a resale ordered, the down money paid by the bidder should be returned, and he should be reimbursed for expenses incurred under the expectation of becoming the purchaser: Fricke's Estate, 16 Pa. Superior Ct. 38; Brown's Appeal, 68 Pa. 53; Early's Estate, 24 Dist. R. 153.

And now, September 9, 1940, rule absolute, and it is herewith ordered and decreed that the sale of the real estate of the said Margaret E. Yost, deceased, made by her executor to Floyd Bycoski be and the same is herewith set aside and voided, and a return thereof made by said executor is set aside, and it is herewith ordered and decreed that the said executor proceed to resell the said premises, after having first made the proper advertisement as required by law, and that at said sale the first bid shall be that of Shoop & Burd Company, in the sum of

$800, and that the said premises shall be sold by the said executor to the highest and best bidder.

And it is further ordered and decreed that the executor shall pay to the said Floyd Bycoski, the said bidder at the sale which is herewith set aside, the down money by him paid at the time of sale, and expenses incurred under the expectation of becoming the purchaser, to wit, $48 down money, and $80 expenses, or a total of $128.