## Rebecca E. Miller for use of William G. Moore *v.* Isaac R. Lash. Appeal of John J. Kutz.

*Practice, Superior Court—Limitation on appeals—Definitive decree.*

An appeal taken November 16, 1896, from an order or decree refusing to set aside a writ of fi. fa. made June 20, 1895, will not be considered. If the decree is definitive the appeal is too late, if it is not a definitive decree no appeal lies therefrom.

*Presumption—Discretion of court.*

The matter of setting aside sheriff's sales belongs to the class in which the courts exercise discretionary power. The appellate court will not presume that the court below acted arbitrarily and without proper proof of the facts on which to base its action. Where the court acts on extrinsic evidence the presumption is that everything was done rightfully and according to law.

*Sheriff's sale—Refusal to set aside.*

A sheriff's sale of property took place on June 22; on July 8, exceptions were filed; on August 12 rules were respectively granted to recall and cancel the deed and to dismiss the exceptions nunc pro tunc. Upon hearing, the rule to dismiss exceptions was made absolute. *Held,* that when upon review of all the facts of the case it appears no serious error was committed below and that greater injustice would be done by allowing the appeal than by affirming the decree, the appeal will be dismissed.

*Jurisdiction—Sale of land in two counties—Act of 1840.*

While there would be doubtless less confusion and expense if the court which first assumes jurisdiction under the Act of June 13, 1840, P. L. 692, sec. 12, and whose mesne or final process has made the first actual seizure of the land, were allowed to continue exclusive control thereof until sale and the distribution of the fund arising therefrom; in the absence of legislation the courts cannot judicially establish rules governing the subject without imposing conditions which could not be enforced.

Argued March 9, 1897. Appeal, No. 34, March T., 1897, by John J. Kutz, executor of Samuel H. Kutz, for himself and others, mortgagees of Isaac R. Lash, from the several orders of

C. P., Lebanon Co., the first, refusing to set aside writ of fi. fa. issued to No. 1, Sept. T., 1895, on the above judgment, 215 Dec. T., 1893, for the reasons set forth in appellant's petition; the second, refusing to set aside the sheriff's sale of the land sold under the said writ, and making absolute the rule of the plaintiff in the execution, to dismiss the exceptions to the said sale nunc pro tunc. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Rule to set aside fi fa. and sheriff's sale. Before EHRGOOD, P. J.

The facts sufficiently appear in the opinion of the court below, which is as follows:

Exceptions to the confirmation of sheriff's sale and acknowledgment of deed to purchaser.

The subject of contention in this proceeding is a tract of land containing about forty-two acres situate partly in Lebanon county and partly in Berks county.

Samuel H. Kutz, the exceptant, was the holder of a mortgage, which was the first lien upon that part of said real estate situate in Berks county, upon which he issued a scire facias, and after having obtained judgment thereupon, issued a writ of levari facias for the sale of said property, and the sheriff, pursuant to the provisions of the act of June 13, 1840, held an inquisition for the purpose of determining whether the entire tract should be sold together, or whether that part of the land situate in Berks county could be sold separately without injury to the whole.

After a return of said inquisition the sheriff of Berks county, on July 13, 1895, sold the whole of said tract to Samuel H. Kutz, the exceptant, for the sum of $600, and afterwards acknowledged and delivered a deed for the same to said Kutz.

William G. Moore, the plaintiff, was the holder of a judgment against the above-named defendant, which was the first lien on that part of said real estate situate in Lebanon county, and he also issued an execution upon his judgment in Lebanon county. The defendant in the judgment, Isaac R. Lash, and Wm. G. Moore, assignee for the benefit of creditors of the said Isaac R. Lash, in writing, accepted notice of the sheriff's inquisition to be held pursuant to said act of June 13, 1840, and

waived all further notice or requirements of said act so far as the same related to them and further agreed that said real estate should be sold upon the writ of fieri facias then issued.

The inquisition, summoned by the sheriff of Lebanon county, found that the portion of land situate in Lebanon county could not be sold separate and apart without prejudice to the whole, which said inquisition upon presentation to the court was approved.

The sheriff of Lebanon county, in pursuance of said waiver and agreement, on the 19th day of June, 1895, sold the whole of said tract to W. M. S. Moore, for the sum of three hundred dollars.

The exceptions to the sheriff's sale and acknowledgment of the deed to the purchaser were filed in the prothonotary's office on July 8, 1895.

These exceptions not being noticed by the sheriff, a deed was acknowledged for the said property to the said W. M. S. Moore, on the 29th day of July, 1895. On the 12th day of August, 1895, a rule was granted upon the exceptants to show cause why the said exceptions should not be dismissed as of a time anterior to July 29, 1895. The exceptions and the rule will be considered and disposed of together.

The first sale of the real estate in question was by the sheriff of Lebanon county on Moore's judgment, under which the same was sold subject to the lien of Kutz's mortgage on that part situate in Berks county. Afterwards the sale by the sheriff of Berks county divested the sheriff's title to that part of the property in Berks county and the purchaser at said sale acquired title to that part situate in Lebanon county subject to the title acquired by the purchaser at the sheriff's sale in Lebanon county. The situation at present then is that the pur-. chaser at sheriff's sale under the Moore judgment has title to that part of the real estate situate in Lebanon county, and the purchaser at sheriff's sale under the Kutz mortgage has an absolute title to that part of the real estate situate in Berks county and also title to that part in Lebanon county, subject to the title acquired by the purchaser under the Moore judgment. We are now asked to take off the acknowledgment of the deed and order its surrender and set aside the sheriff's sale under the Moore judgment, which would lose to the creditors of Isaac R.

Lash the sum of three hundred dollars, and perfect the title to the whole tract in the purchaser under the mortgage held by Kutz. Ordinarily the object to be attained by setting aside a sheriff's sale is a resale of the property for a better price, or to a better advantage to the owner or his creditors. In this case the sale is to be set aside to the detriment of the owner and his creditors, and to the advantage of the purchaser at the sale under the mortgage.

The supervision of a sheriff's sale and acknowledgment of his deed belong to the discretionary powers of the court of common pleas : Rees v. Berryhill, 1 Watts, 263 ; Sloan's Case, 8 Watts, 194 ; Jackson v. Morter, 82 Pa. 291.

We are asked to use our discretionary powers, not in favor of a purchaser who wants to be relieved of his purchase by reason of irregularity in the process by which he might get a defective title, or by irregularities in the advertisement or conduct of the sale by which he was misled or deceived, nor for the purpose of having a resale by which he might be benefited as a creditor by an enhanced price, but in favor of a purchaser for the purpose of perfecting his title to the very real estate the sheriff's sale of which he seeks to set aside and thereby preventing a re-sale and losing to the debtor and his creditors the purchase money of the sale sought to be set aside.

We are of the opinion that the irregularities complained of are not sufficient, under the circumstances, to sustain the exceptions.

And now, November 4, 1896, rule to show cause, etc., made absolute, and the exceptions dismissed as of July 27, 1895. The costs of this proceeding to be paid by the petitioner.

*Errors assigned* were (1, 2) refusing to set aside fi. fa. upon the facts set forth in the petition of Samuel H. Kutz; (3) in refusing to set aside sheriff's sale for alleged misdescription; (4) in refusing to set aside sale made under a fi. fa. alleged to be irregular and illegal, being contrary to the act of 1840 ; (5) in refusing to set aside the sale by reason of the fact that the price of the property sold was greatly inadequate, owing presumably to the irregularities in said sale, and the uncertainty of the title ; (6) in refusing to set aside sale by reason of the fact that proceedings to sell were commenced in the county of Berks a week

before the issuing of the writ of fi. fa. in Lebanon, and were regularly proceeded with in accordance with the act of assembly. The ordinary comity of the court should have given the proceedings in Berks precedence, even if the Lebanon was regular. The jurisdiction of the Berks county court had attached, but the requirement of selling under a second writ extended the time of sale beyond the sheriff's sale in Lebanon; (7) in not giving consideration to the allegation contained in the answer of Samuel H. Kutz that plaintiff's judgment under which the sale under the fi. fa. was made was given to defraud creditors and especially the mortgagee; The denial of Moore to the above allegation being evasive.

*Herbert R. Green*, with him *A. G. Green, John J. Kutz* and *Howard C. Shirk*, for appellant.—The abuse of the discretionary power is ground for review.

These assignments challenge the power of the sheriff to sell under a fi. fa. without the intervention of a term of court, an alias writ and an approval of the inquisition after the return day of the first writ, as prescribed by the act of 1840. If the authority to sell is wanting the sale is nullity.

The practice under the act of 1840, as above outlined, has been fully settled by the decisions of the courts of Pennsylvania: Worthington v. Worthington, 3 Clark, 208; Elliot v. McGowan, 22 Pa. 198; Hibberd v. Bovier, 1 Grant, 266.

Any one interested in fund or land may apply to set aside sheriff's sale; Laird v. Laird, 2 Clark, 206 ; Connelly v. Phila., 86 Pa. 110; Shakespeare v. Delany, 86 Pa. 108; Corlies v. Stanbridge, 5 R. 285; Cochran v. Eldridge, 49 Pa. 365.

Owing to the excessive haste shown by the plaintiff, no time was afforded to those interested, other than the defendant, to file exceptions to the inquisition, although under the prescribed practice they should have had until the third day after the return day of the writ. By this arrangement the sheriff of Lebanon was enabled to advertise the property for sale on June 14, 1895, and on the 22d of June, 1895, to sell to the plaintiff, William G. Moore, for $300, a property for which at a previous sale he had bidden over $2,000. It is only necessary to add that such artifices the Supreme Court have repeatedly frowned upon and will not sustain : Abbey v. Dewey, 25 Pa. 413; Sharp v. Long, 28 Pa. 433.

The misdescription complained of was sufficient to have de-manded that the sale be set aside: Carlin v. Leng, 1 Phila. 375, and refusal to do so was an abuse of discretion: Tigue v. Banta, 176 Pa. 414; Felton v. Felton, 175 Pa. 44.

While both courts had concurrent jurisdiction over the subject-matter, the one whose process first issued must be protected against interference on the part of the other, otherwise inter-minable confusion and loss must ensue: Slyhoof v. Flitcraft, 1 Ash. 171; White v. Johnson, 2 Ash. 146; Cl., P. & A. R. R. Co. v. Erie, 1 Grant, 212; 27 Pa. 380.

*William M. Derr*, with him *Grant Weidman, Jr.*, and *Cyrus G. Derr*, for appellee.

OPINION BY BEAVER, J., April 12, 1897:

This purports to be " an appeal of John J. Kutz, executor of Samuel H. Kutz, deceased, for himself and other mortgagees of Isaac R. Lash, from the several orders of the court of common pleas of Lebanon county; the first refusing to set aside writ of fi. fa. issued to No. 1, September term, 1895, on judgment 215 December term, 1893, for the reasons set forth in appellant's petition; the second refusing to set aside the sheriff's sale of the lands sold under the said writ and making absolute the rule on the plaintiff in the execution to dismiss the exceptions to the said sale nunc pro tunc." The order or decree refusing to set aside the writ of fieri facias above referred to was made June 20, 1895. This appeal was taken November 17, 1896. If the order referred to was a definitive decree, the appeal is too late, having been taken more than three months after it was made. If it was not a definitive decree, no appeal lies there-from. We are called upon, therefore, to consider only the order of the court refusing to set aside the sheriff's sale of the land sold under the writ of fieri facias and making absolute the rule on the plaintiff in the execution to dismiss the exceptions to the said sale nunc pro tunc.

The appellant's testator held in his lifetime a mortgage upon a tract of land which was situate partly in Berks and partly in Lebanon counties. His mortgage was recorded in Berks and not in Lebanon county. He began proceedings to foreclose the mortgage in Berks county in May, 1894. After making sale of

the entire tract in Berks county, the sale was, upon exceptions filed thereto by William G. Moore, a judgment creditor of the mortgagor, set aside on the ground that it was subject to the provisions of the Act of June 13, 1840, P. L. 692, and that no inquisition had been held thereon in accordance with the provisions of that act. Inquisition was subsequently held and a resale made on the 13th of July, 1895. In the meantime Moore, who was the assignee of a judgment of Rebecca E. Miller v. Lash and who was also the assignee of Lash, issued execution upon the said judgment May 21, 1895; notice of inquest under the act of 1840 was accepted by Lash and Moore, his assignee, on the same day. The next day inquest was held by the sheriff of Lebanon county which found that the part of the land lying in Lebanon county, showing eleven acres and one hundred and seven and one half perches in Berks, could not be sold without prejudice, etc. On the 23d of May this inquest was approved by the court. A sale was advertised for June 14, 1895, on which day the mortgage of Kutz et al. was entered for record in Lebanon county. On the same day Kutz et al. petitioned the court to set aside the fi. fa. issued on the Miller judgment, upon which a rule to show cause was granted, which was discharged June 20, following, and on the 22d of June the sheriff of Lebanon county sold the land to William G. Moore, subject to the Kutz mortgage. On the 8th of July exceptions were filed by Samuel H. Kutz to the sheriff's sale and on the 29th of the same month the sheriff's deed was acknowledged to the purchaser, notwithstanding the pendency of exceptions. August 12, on motion of the attorney of Kutz et al., rule was granted to recall deed and cancel the acknowledgment, and on the same day the purchaser at sheriff's sale presented a petition, praying that the exceptions to the sheriff's sale be dismissed nunc pro tunc, as of a day prior to the acknowledgment of the sheriff's deed. Upon a hearing, the rule to dismiss exceptions to sheriff's sale nunc pro tunc was made absolute. Hence this appeal. In Laird's Appeal, 2 Pa. Superior Ct. 300, the effect of the Act of May 9, 1889, P. L. 158, as to appeals of this character was fully discussed and the authorities as to the interference of an appellate court with the discretionary power of the court below in cases of this character carefully collected and fully discussed. It is not necessary to repeat what was there said. The term

" abuse of discretion," so often employed in cases like this, is, of course, used in its legal sense, which means simply a use of discretion contrary to established usage ; and, if we were satisfied that the court below had by its final decree sanctioned the violation of the provisions of the act of June 13, 1840, supra, we would not hesitate to interfere. A careful examination of this act, however, and of the proceedings in Lebanon county thereunder, fails to reveal any such departure from its requirements as would warrant us in interfering with the final order of the court confirming the sale in said county. There is no provision in the act which we are considering for notice of inquest to anyone. Admitting as reasonable what is said by Judge SHARS-WOOD, when he was upon the bench of the district court of Philadelphia in Worthington v. Worthington, 3 Clark, 208, that notice to the defendant in such case is proper, as under the act of 1836 in the case of an inquest as to extension or condemnation proceedings, we have here a distinct waiver of such notice by the defendant which is, of course, equivalent to service of notice by the sheriff. The approval of the inquest by the court and the agreement on the part of the defendant to sell upon the fi. fa. constitute a substantial compliance with the provisions of the act in those respects.

The appellant suffers no wrong. The sale in Lebanon county was made subject to the mortgage which he held. He made a sale subsequently in Berks county and, therefore, has the title to which such sale entitles him. It would be grossly inequitable to set aside the sale made in Lebanon county and allow the appellant to claim the lands lying in both counties under a subsequent sale at which it may fairly be presumed buyers were prevented from bidding, upon the supposition that the sale previously made in Lebanon county was good. There is nothing in the act of 1840, supra, which prevents or seems to hint at preventing parties from proceeding in both counties concurrently. There would doubtless be less confusion and less expense if the court which first assumes jurisdiction in pursuance of the provisions of the act of 1840 and whose mesne or final process has made the first actual seizure of the land, in order to make sale thereof, were allowed to continue exclusive control thereof, until sale and the distribution of the fund arising therefrom ; but it is easy to see that the creditor who has his

lien in another county might be subjected to great delay and
inconvenience if such a rule were established and enforced.
In the absence of legislation upon the subject, we cannot see
that we can judicially establish rules governing the subject,
without imposing conditions which could not be enforced.

If the allegation as to the fraudulent character of the judg-
ment of Mrs. Miller assigned to Moore had been made in the
original exceptions, or if after it was alleged in the appellant's
answer, any serious effort had been made, by depositions or
otherwise, to make the allegation good, it is probable, although
the facts in that case are entirely different, that, under the late
ruling in Tigue v. Banta, 176 Pa. 414, it should have been con-
sidered. Admitting, as it might be urged, that appellant made
the allegation upon his first knowledge of the facts, it is, never-
theless, true that it was distinctly denied by Moore in his repli-
cation, and appellant's answer having been filed September 14,
1895, and the argument upon the rule not heard until Octo-
ber 28, there was abundant time to make the allegation good,
if there were facts to support it. Having made no effort in
this direction, he should not complain that the allegation was
disregarded by the court below.

Upon a careful review of all the facts in the case, we are con-
vinced that no serious error was committed by the court below,
and that greater injustice would be done by allowing this appeal
to prevail than by affirming the decree of the court. The
decree of the court below is therefore affirmed, and the appeal
dismissed at the costs of the appellant.