## Bancamerica Business Credit Corp. v. Burich

*Dianne J. McClelland*, for plaintiff.
*Belinda Dunmire Attwood*, for defendants.
*John W. McIlvaine,* for additional defendants.

GRIMES, *P.J.*, August 12, 1986—Plaintiff Bancamerica Business Credit Corporation made a loan to defendants, Frank J. Burich and Carol L. Burich, his wife, and to a third party, George Ronald Hall and Jacqualene E. Hall, his wife, the proceeds of the loan to be used for a business owned by the borrowers. As security for the loan both the Burichs and the Halls executed and delivered a mortgage upon their respective personal residences to plaintiff. Subsequent to the loan and the recording of the mortgages, the Burichs and the Halls entered into a written agreement whereby the Halls would assume the debt of the partnership business in return for Burichs assigning said business to the Halls, agreeing to hold the Burichs harmless from any liabilities which might arise from the business. Plaintiff was not a party to that written agreement.

Some time after the agreement, the business suffered financial reverses and the Halls defaulted on the payment to plaintiff secured by the mortgages. Thereafter, the statutory notices were given to the parties and plaintiff instituted an action in foreclosure which resulted in a judgment against the Burichs and their personal residence was thereafter foreclosed upon by an action filed in this court at E.D. no. 10 of 1986. On February 3, 1986, some 32 days after the filing of the complaint, plaintiff entered default judgment against the Burichs, and on February 4, 1986, the Burichs filed an answer and new matter. On or about March 27, 1986, the Burichs entered a rule upon plaintiff as to why their judgment should not be stricken with the response thereto being filed on April 7, 1986, by plaintiff.

A complaint to join additional defendants was filed by the Burichs on April 21, 1986, to which plaintiff filed preliminary objections on April 24, 1986. Plaintiff filed a reply to defendant's new matter on April 29, 1986, and the proposed additional defendant, George Ronald Hall and Jacqualene E. Hall, his wife, filed an answer to the complaint on May 15, 1986. The issue concerning plaintiff's preliminary objections were argued before this court on June 25, 1986 and Burichs' motion to strike judgment was argued before this court on July 30, 1986. Briefs have been submitted by counsel and the court shall determine all issues at this time.

## DISCUSSION

### Issues

1. Whether a defendant in a mortgage-foreclosure action may join an additional defendant predicated upon an agreement between original and additional defendants absent a consent or joinder by plaintiff.

2. Whether the doctrine of equitable marshalling applies to the factual situation of the present case.

3. Whether the judgment on the complaint in foreclosure of mortgage obtained by plaintiff was defective so as to allow defendant to strike judgment.

(1) Mortgage-foreclosure actions are governed by Pennsylvania Rules of Civil Procedure 1141 through 1150. The liability of a mortgagor to the mortgagee has to do with real estate, that is, an action "in rem" as opposed to an assumpsit action which is against an individual, that is, "in personum." Signal Consumer Discount Company v. Babuscio, 257 Pa. Super. 101, 390 A.2d 266 (1978).

Original defendant in the present case seeks to join additional defendants with whom a written agreement was entered without consent or joinder of plaintiff. The very definition of a mortgage-foreclosure action under Pa.R.C.P. 1141(a) excludes such an action to enforce a personal liability. That rule provides:

"(a) As used in this chapter:

'Action' means an action at law to foreclose mortgage upon any estate, leasehold or interest in land but shall not include an action to enforce a personal liability. 42 Pa.C.S. §1141(a)."

Quite clearly a personal liability cannot be enforced through a mortgage-foreclosure action but can only be enforced by an action in assumpsit. As a result, defendant's attempt to join a third party violates this prohibition nor can it be shown that defendant's claim is sanctioned by any other rule of civil procedure pertaining to mortgage foreclosures.

Preliminary objections may be sustained dismissing the claim of original defendant against a third party. Signal Consumer Discount Company v. Babuscio, supra. The only exception would be a specific contractual counterclaim which the mortgagor may have against the mortgagee as provided in Rule 1148, otherwise, such a claim cannot be made since these rules must be strictly construed. Even in such a case where a counterclaim is permitted, a third party cannot be joined in a foreclosure action. Defendants must initiate their own action in assumpsit against proposed additional defendants if such a cause of action does exist, but they cannot join them in the present mortgage-foreclosure proceeding.

(2) Plaintiffs have no obligation to prefer one mortgaged property over another and their election

to proceed against one property rather than another is within the proper scope of remedies promulgated by the Commonwealth of Pennsylvania. Further, there is no express provision in the mortgage agreement to indicate otherwise. Although defendants did not argue in their brief that plaintiff had violated the doctrine of equitable marshalling of assets, the doctrine was orally argued before the court. The doctrine applies only where two creditors are proceeding against a single debtor whereupon the most favored creditor in terms of security must proceed against property only he had encumbered if it is sufficient to satisfy his debt, leaving the multiple encumbered property to the remaining creditor. Tigue v. Vanta, 176 Pa. 414, 35 Atl. 131 (1896). It is clear that that doctrine does not apply to the factual situation of the instant case.

(3) Original defendants' motion to strike judgment was not argued in their brief, but since the matter was filed as part of the pleadings, the court is obliged to dispense with that motion.

Plaintiffs filed a mortgage-foreclosure action pursuant to Pa.R.C.P. 1141 et seq., the complaint in foreclosure having attached to it a notice to plead pursuant to the provisions of Pa.R.C.P. 1026, giving defendant 20 days after service of the complaint to file an answer, and in addition thereto, a copy of the requisite notice required by Act 91 and Act 6 of 1974 (41 P.S. §101 et seq.). Pa.R.C.P. 237.1(b) states that the proper notice under the above act being sent to the mortgagor alleviates the necessity of the "important notice upon defendants" 10 days prior to filing praecipe for judgment. As such, plaintiff has correctly complied with the applicable Rules of Civil Procedure.

Original defendant does not plead, nor has it argued that there is any equitable basis for striking

the judgment other than the desire of defendant to join an additional defendant, a right which defendant does not have for the reasons set forth above.

## CONCLUSION

Plaintiff brought a proper mortgage-foreclosure action against defendants and in taking judgment, has complied with the appropriate and applicable Rules of Civil Procedure. Defendants' attempt to join additional defendants is not proper in a mortgage-foreclosure action where additional defendants are not a party in interest to the specific real estate being foreclosed upon. Further, the doctrine of equitable marshalling of assets does not apply where a single creditor seeks to obtain remedy against one of two joint debtors.

In consideration of the foregoing, the matter is in proper posture to proceed to execution.

## ORDER

And now, this August 4, 1986, defendant's motion to strike is hereby dismissed and the preliminary objections of plaintiff are sustained, hereby dismissing defendant's complaint to join additional defendants.

## AMENDED ORDER

And now, this August 12, 1986, the order of court dated August 4, 1986, is hereby amended and it is ordered that defendant's motion to strike is hereby dismissed, thereby automatically lifting the previous stay of execution, and the preliminary objections of plaintiff are sustained, dismissing defendant's complaint to join additional defendants.