## M. J. CASCADEN ET AL. v. R. CASCADEN ET AL.

APPEAL BY PLAINTIFFS FROM THE ORPHANS' COURT OF MONT-
GOMERY COUNTY.

Argued February 3, 1891—Decided February 16, 1891.

A bill in equity, filed by legatees to set aside a private sale of real estate by an executor, under a power contained in a will, and to cancel the deed executed, on the ground that the sale was made at an inadequate price, and fraudulently, to deprive the legatees of the full value of the land, but without a distinct averment that the purchaser was a party to the fraud, is demurrable: Whether the court of Common Pleas has ju- risdiction, not decided.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, Mc- COLLUM and MITCHELL, JJ.

No. 71 July Term 1890, Sup. Ct.; court below, number and term not given.

On December 16, 1889, Mary J. Cascaden, Mary E. C. Al- burger and others, widow and legatees of James Cascaden, de- ceased, filed a bill in equity against Robert Cascaden, executor of the will of James Cascaden, deceased, Frederick A. Sobern- heimer, Louis Hutt and Percival Roberts, averring in substance as follows:

That James Cascaden died on or about Octooer 15, 1868, leaving a will dated October 14, 1868, duly admitted to probate; that by the said will it was directed that, when the testator's youngest child should arrive at the age of twenty-one years, his real estate should be converted into cash by his executors, and the proceeds divided among the plaintiffs in a certain manner specified; that the executor of said will had no authority to sell said real estate at private sale; that said real estate was worth at least $1,000 per acre, but that Robert Cascaden, the executor, in conjunction with Frederick A. Sobernheimer, without the knowledge of the plaintiffs, had entered into an agreement to sell the same, at private sale, to Silas Jones, for a grossly inadequate price; that, as soon as the plaintiffs heard of the contemplated sale, they gave notice to said Robert Cascaden and Silas Jones that they were opposed to said sale and would contest its validity; that, notwithstanding said notice, the defendants consummated said sale and, on November 2, 1889, left for record a deed for the said real estate, executed by Robert Cascaden and Mary Jane Cascaden to one Louis Hutt, at the price of $700 per acre; " that the said sale, your orators are informed and believe," as averred in the bill, " was really made to Percival Roberts, and that said Louis Hutt's name was merely used as a conduit of title; that said Percival Roberts is now in possession of said farm; . . . . . that the said executor, Robert Cascaden, lulled your orators to sleep by frequently declaring that he never would sell the property for less than $1,000 per acre; . . . . . that Mary Jane Cascaden signed the deed without knowing what she was signing, and wholly on the faith of representations made to her by Frederick A. Sobernheimer, attorney for said executor; that your orators are willing and now offer to give $900 per acre for the same." Charging " that the said sale was fraudulent, and was made to deprive the legatees from getting the full value of the land," the bill prayed, in substance, that the sale be set aside, the deed to Louis Hutt canceled and a re-conveyance decreed, for an injunction and for further relief, etc.

The defendants filing demurrers, for want of equity and of jurisdiction, after argument thereof, the court, SWARTZ, P. J., on April 2, 1890, filed an opinion and decree, in part as follows:

Opinion of Court below.

The will of James Cascaden provided, inter alia, as follows :

" When the youngest child arrives at the age of twenty-one years, then I direct all my said real estate and investments to be converted into money by my executor, and divided as follows: I give and bequeath to my wife, out of said money, the sum of fifteen thousand dollars, and the remainder I direct to be divided among my said children, share and share alike, subject to the deductions which I have heretofore directed to be made."

This provision vested in the executor a power of sale ; and, under the act of March 14, 1849, P. L. 164, a private sale of the real estate was a good execution of such power.

The complainants allege, that the sale was fraudulent. The allegations of fraud are vague. It does not clearly appear from the bill who are the participants in the fraud.

Is there jurisdiction in the Common Pleas in equity, to sustain this bill?

—Citing and considering Dundas's App., 64 Pa. 325 ; Daily's App., 87 Pa. 487 ; Mussleman's App., 65 Pa. 487 ; Jones' App., 3 Gr. 170 ; Innes's Est., 4 Wh. 179 ; Erie Sav. Co. v. Vincent, 105 Pa. 315 ; Brown's App., 12 Pa. 333 ; Wapples's App., 74 Pa. 100 ; Brotzman's App., 119 Pa. 645 ; Whiteside v. Whiteside, 20 Pa. 473 ; Dundas's Est., 73 Pa. 474 ; Chew v. Chew, 28 Pa. 17 ; Loomis v. Loomis, 27 Pa. 233 ; § 12, act of February 24, 1834, P. L. 75 ; § 19, act of June 16, 1836, P. L. 792, the opinion proceeded :

If the court were to entertain jurisdiction under this bill and set aside the sale, to obtain an order for a re-sale the application must be addressed to the Orphans' Court. If the executor is to be discharged for misconduct, the order of the Orphans' Court must be invoked, because of the proviso in the fifteenth section of the act of June 14, 1836, P. L. 632. If, upon a full hearing, the court should be of opinion that the sale cannot be disturbed, but that the executor should be surcharged, such surcharge is to be made in the Orphans' Court when the executor accounts to the legatees.

To entertain jurisdiction under this bill seems like an interference with the Orphans' Court by the Common Pleas. The complainants can gain nothing by such interference, but, on the contrary, we are of opinion that the relief in the Orphans'

Arguments.

Court is full, complete and adequate. A resort to this court will avoid all shifting from one tribunal to another of coordinate power.

The charge of fraud in the bill is indefinite as to persons and uncertain as to means. The bill at most shows no more than an abuse of the discretion vested in the executors, a discretion to be controlled by the Orphans' Court.

The will of James Cascaden makes a conversion of the real estate into personalty, and it is distributable as such among the legatees and distributees whose efforts in the present proceedings are the first step to secure their full shares. Like all other efforts to collect and protect their legacies, the application should be addressed to the Orphans' Court.

And now, April 2, 1890, the demurrers to the bill are sustained and the bill is dismissed at the cost of the plaintiffs.

—Thereupon, the plaintiffs took this appeal, specifying that the court erred:

1. In dismissing the plaintiffs' bill.

2. In holding that there was no jurisdiction in the Common Pleas, in equity.

3. In not overruling the demurrers filed.

*Mr. Chas. Hunsicker*, for the appellants.

On the question of jurisdiction, counsel cited and considered Dundas's App., 64 Pa. 325; Lewis v. Lewis, 13 Pa. 79; Wimmer's App., 1 Wh. 95; Ex parte Morton, 2 Wh. 330; Selfridge's App., 9 W. & S. 55; Glenn v. Mickey, 130 Pa. 586; Merkel's Est., 131 Pa. 584.

*Mr. N. H. Larzelere* (with him *Mr. G. R. Fox* and *Mr. G. R. Fox, Jr.*), for the appellees.

Counsel cited: (2) Loomis v. Loomis, 27 Pa. 233; Bickley v. Biddle, 33 Pa. 276; North Penna. Coal Co. v. Snowden, 42 Pa. 488; Long's App., 92 Pa. 180; Barclay's App., 93 Pa. 52; Triscuit's App., 13 W. N. 57; Cummins v. Hurlbutt, 92 Pa. 165; Richard's App., 100 Pa. 52. (3) Myers' App., 62 Pa. 104; Evans v. Chew, 71 Pa. 51; Jackman v. Delafield, 85 Pa. 384; Johnson's App., 114 Pa. 139; Miskimins's App., 114 Pa. 533; Postlethwaite's App., 68 Pa. 480. (4) Price v. Junkin, 4 W. 87.

PER CURIAM:

The learned court below dismissed the appellants' bill upon the ground that the jurisdiction was exclusively in the Orphans' Court. While we do not wish to be understood as expressing any dissent from the views of the learned judge upon this question, we do not think it necessary to discuss it, for the reason that the plaintiffs, upon their own showing, have no equity. The allegation of the bill is that the defendant Robert Cascaden, as executor of the estate of James Cascaden, deceased, sold a portion of the real estate of his testator at private sale for an inadequate price; that said sale was fraudulent, and was made to deprive the legatees from getting the full value of the land. The prayer is that the sale be set aside, and the deed annulled. But there is no distinct averment that the purchaser was a party to the alleged fraud; and, having paid his money, he is entitled to hold his purchase. If the executor has committed any wrong or breach of his trust he can be called to account in the Orphans' Court, which has control of his accounts. The bill was properly dismissed in the Common Pleas.

The decree is affirmed and the appeal dismissed at the costs of the appellants.