## ESTATE OF CHARLES WILLIAMS, DECEASED.

APPEAL BY THE MONTGOMERY N. BANK FROM THE ORPHANS' COURT OF MONTGOMERY COUNTY.

Argued February 6, 1891—Decided February 16, 1891.

An order of the Orphans' Court opening a decree confirming a sale of real estate, setting aside the sale, and modifying the order therefor, is within the sound discretion of the court, and no appeal to the Supreme Court lies therefrom.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 79 January Term 1891, Sup. Ct.; court below, number and term not shown.

On January 7, 1889, upon the petition of Hannah Williams, executrix of the will of Charles Williams, deceased, an order was made for the sale of certain real estate of the testator for the payment of debts. On March 11th, a return was made that the executrix had made sale of the real estate described in the order, in different parcels, to wit, tract No. 1 to John Lloyd; No. 2 to Morris Williams, and No. 3 to Henry H. Houston, which return was thereupon confirmed. On April 1, 1889, on petition of the executrix, joined in by the purchasers, the return was amended to show that Morris Williams, John J. Williams and Amos W. Haines were the purchasers of tracts Nos. 1 and 2.

Statement of Facts.

On May 10, 1889, Morris Williams, John J. Williams and Amos W. Haines presented their petition praying, upon the facts therein averred, that the court would open the decree of confirmation, set aside the sale of tracts Nos. 1 and 2, revoke the order of sale of tract No. 3, and exclude from the order of sale of tract No. 1 twenty-seven acres and one hundred and fifty-three perches of land embraced therein but claimed to be owned by said Morris Williams. A rule having been granted, the executrix answered admitting the truth of the facts averred in the petition. The Montgomery N. Bank and others, creditors of the estate of the testator, appeared by leave and answered denying said averments. Thereupon, *Mr. J. V. Gotwalts* was appointed auditor to hear testimony and report.

On May 20, 1890, the auditor reported finding the facts, largely relating to the title of Morris Williams to the land claimed by him in his own right, and,—citing as to the power of the court to make the order prayed for upon the facts found: Ryan's Est., 2 Pittsb. 178; Crawford v. Boyer, 14 Pa. 380; Rhodes v. Frick, 6 W. 317; McClure v. Foreman, 4 W. & S. 280; Haslage's App., 37 Pa. 440; Fowler's App., 87 Pa. 449; Shontz v. Brown, 27 Pa. 123; upon the doctrine of caveat emptor: Leshey v. Gardner, 3 W. & S. 314; Fox v. Mensch, 3 W. & S. 444; Bashore v. Whisler, 3 W. 490; King v. Gunnison, 4 Pa. 171; Vandever v. Baker, 13 Pa. 121; as to estoppel of purchasers acting under a mistake: Dungan v. Insurance Co., 52 Pa. 253; Eldred v. Hazlett, 33 Pa. 316; Commonwealth v. Moltz, 10 Pa. 530; Helser v. McGrath, 52 Pa. 531,—the auditor was of the opinion that the relief prayed for by the petitioners should be granted, and recommended a decree accordingly.

A large number of exceptions to the auditor's report were filed by the objecting creditors, and, after argument thereof, the exceptions were dismissed, WEAND, J., and a decree entered as prayed for by the petitioners. Thereupon, the Montgomery N. Bank took this appeal, specifying the several portions of the decree for error.

*Mr. Montgomery Evans* (with him *Mr. Louis M. Childs*), for the appellant.

Counsel cited: Diehl's App., 33 Pa. 406; Kline's App., 39

Pa. 463; Bean's App., 2 Walk. 512; Fox v. Mensch, 3 W. & S. 444; Schug's App., 14 W. N. 49; De Haven's App., 106 Pa. 612; Bell's App., 71 Pa. 465; Greenfield's Est., 14 Pa. 489, 496; Adams v. Bachert, 83 Pa. 524; Pottsville Ins. Co. v. Fromm, 100 Pa. 347; Penna. R. Co. v. Shay, 82 Pa. 198.

*Mr. N. H. Larzelere* and *Mr. Amos Briggs*, for the appellees, filed a motion to quash, but were not heard.

PER CURIAM:

This was an appeal from the order of the court below opening the decree of confirmation, and setting aside a sale of real estate made in pursuance of an order of sale. We have said so often that this is a matter within the discretion of the Orphans' Court that it seems unnecessary to repeat it. It follows that no appeal lies. We find no such abuse of discretion in this case as would justify us in departing from the rule.

Appeal quashed.