## McCullough's Estate.

*Decedents' estates—Executors and administrators—Sale of real estate under power—Setting aside sale—Inadequacy of price—Jurisdiction and discretion of orphans' court—Bond for resale—Act of June 7, 1917, P. L. 363—Laches—Estoppel.*

1. Although an executor under a power in a will may sell real estate without application to the orphans' court, yet the court has supervising power, under the Act of June 7, 1917, P. L. 363, for the protection of the estate, to set aside the agreement of sale.

2. Where the orphans' court has set aside a sale of real estate by an executor, the appellate court will not interfere except in a plain case of abuse of discretion.

3. Where an executor under a power in a will agrees to sell real estate for a price adequate at the date of the agreement, with settlement to be made within a year, and it appears that, before final settlement and transfer of title, the price under the agreement had become grossly inadequate, the court, on application of the parties in interest, will set aside the sale.

4. If such parties act within six months, they cannot be charged with laches.

5. Nor will the parties who act be estopped because the attorney for the estate, and some of the other parties, expressed satisfaction with the sale at the time of the agreement.

6. Nor, in such case, can the court be charged with error because it set aside the sale without requiring the entry of a bond conditioned that the property would bring a higher price on a resale when the parties objecting have no interest in the price which it may bring on a resale.

Argued January 9, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 19, Jan. T., 1928, by Helen S. Hendrickson and Charles L. Roach, purchasers of real estate, from decree of O. C. Delaware Co., Dec. T., 1923, No. 15, setting aside agreement to sell real estate, in estate of Allen McCullough, deceased.   Affirmed.

Petition to set aside agreement to sell real estate.   Before HANNUM, P. J.

The opinion of the Supreme Court states the facts.

Agreement to sell real estate set aside.   Helen S. Hendrickson and Charles L. Roach, purchasers, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*John B. Hannum, Jr.,* of *Hannum, Hunter & Hannum,* with him *James R. Wilson* and *S. Edward Hannestad,* for appellants.—Increase in value of property subsequent to sale does not justify court in setting aside sale on ground of inadequacy of price: Dundas's App., 64 Pa. 325; Daily's App., 87 Pa. 487; Schnebly's Est., 249 Pa. 208; Fricke's Est., 16 Pa. Superior Ct. 38; Brit-

tain's Est., 28 Pa. Superior Ct. 144; Hamilton's Est., 51
Pa. 58; Breese's Est., 2 Kulp 62; Bowers v. Bennethum,
133 Pa. 306; Andrew's Est., 6 Pa. Dist. R. 24; Whalen's
Est., 1 D. & C. R. 512; Clark v. Trust Co., 100 U. S. 149.

The orphans' court should not set aside a sale as to
devisees who are sui juris, act under counsel's advice,
approve sale and make no objection for several months:
Erwin v. Myers, 46 Pa. 96; Barrett v. King, 64 Pa. Su-
perior Ct. 601; Claghorn's Est., 181 Pa. 600; Fehlinger
v. Wood, 134 Pa. 517.

There is no bona fide, enforceable offer of a higher
price, nor any security that a higher price will be ob-
tained: Fricke's Est., 16 Pa. Superior Ct. 38; Brittain's
Est., 28 Pa. Superior Ct. 144.

*Lewis Lawrence Smith,* with him *Albert J. Williams,*
for appellee.—Where, as in the present case, the appli-
cation is made before the consummation of the sale by
the delivery of the deed, the cases establish one stand-
ard, namely, what is for the best interest of the estate:
Dundas's App., 64 Pa. 325; Whalen's Est., 1 Pa. D. &
C. R. 512; Breese's Est., 2 Kulp 62; Hamilton's Est.,
51 Pa. 58; Orr's Est., 283 Pa. 476; Hanbest's Est., 15
Pa. Dist. R. 234; Haslage's App., 37 Pa. 440; Williams's
Est., 140 Pa. 187; Myers's Est., 192 Pa. 458; Fricke's
Est., 16 Pa. Superior Ct. 38; Brittain's Est., 28 Pa. Su-
perior Ct. 144; Bichsel's Est., 55 Pitts. L. J. 357; Hay's
Est., 286 Pa. 520.

The cases wherein the question is raised, recognize
that the orphans' court has the power to require that
security be given, but no case, so far as is known, holds
that it is the duty of the court to do so: Bower's App.,
84 Pa. 311; Fricke's Est., 16 Pa. Superior Ct. 38; Orr's
Est., 283 Pa. 476; Hamilton's Est., 51 Pa. 58.

OPINION BY MR. JUSTICE WALLING, January 30, 1928:
On November 27, 1922, Allen McCullough, of Marple
Township, Delaware County, died testate, survived by

eleven children and a minor grandson, the son of a deceased daughter. Testator's last will provides, inter alia, "I order and direct my executor hereinafter named to sell all of my property real, personal and mixed either at private or public sale, as he in his discretion deems best." And after payment of certain specific legacies, the will directs a division of the balance among all of testator's children, naming them. The will designates testator's son, Allen McCullough, executor and also trustee for the shares of the married daughters, of whom there are six.

The testator died seized, inter alia, of a farm in said township containing approximately one hundred and fifty acres, which, on April 9, 1925, the executor contracted in writing to sell to Helen S. Hendrickson for six hundred and fifty dollars per acre. Five thousand dollars hand money was paid and the agreement called for five thousand dollars more to be paid in six months and the balance at time of settlement on or before April 1, 1926. The second five thousand dollars was duly tendered but refused. Meantime, on October 6, 1925, a son and legatee of testator filed a petition in the orphans' court, on behalf of himself and other legatees, setting forth, inter alia, that the consideration named in said agreement was wholly inadequate and praying for a citation directed to both the purchaser and the executor to show cause why it should not be set aside. The executor filed an answer admitting the averments of the petition and joining in the prayer thereof. The other legatees, except the minor grandson, became parties to the petition and asked that the contract be set aside. Helen Hendrickson, and Charles L. Roach, assignee of the contract, filed a responsive answer, and much testimony was taken. While the witnesses differed greatly as to value, it was shown that in the fall of 1925, a responsible party submitted a written offer of one thousand dollars an acre for the farm and that in the spring of 1926 an attorney, acting for an undisclosed principal, submitted

a written offer of fourteen hundred dollars an acre.  It also appeared that in the summer and fall of 1925 farm land in the neighborhood sold at from eight hundred to twenty-five hundred dollars an acre.  The orphans' court, after full hearing, found the price of six hundred and fifty dollars an acre grossly inadequate and set the sale aside.  Whereupon the purchaser and her assignee brought this appeal.

The matter was one resting in the sound discretion of the orphans' court and the record discloses nothing to warrant our interference.  The farm is so near the City of Philadelphia as to be suburban and its value has greatly advanced during the last three or four years.  It has the advantage of city water, electricity and gas, the latter having been extended along the street by this farm in the spring of 1925.  The executor acted in good faith. The contract price would have been adequate in 1924 and possibly in the early spring of 1925, but became wholly inadequate as that year advanced.  By midsummer of 1925 neighboring property was selling for more than twice the agreed price.  The good faith of the executor must be judged as of the date of the contract, but it was the duty of the orphans' court to protect the estate at the time it had the matter in hand.  The greater offer which the court considers, is almost of necessity a later offer.  It is not what was or what could have been obtained for the property, but what can be obtained for it that is the determining factor.  The instant case presents not a completed transaction but merely an agreement to purchase, with about five per cent of the consideration paid and a year for settlement.  The legal title had not passed.  Had the consideration been paid or secured and deed delivered, a different question would be presented.  As the orphans' court ordered a return of the hand money the vendee will lose nothing except the value of the bargain.  This the court was not required to give at the expense of the legatees.  Helen Hendrickson was merely the ostensible purchaser, the real parties

in interest being a syndicate of six, of whom Roach was one.

Although the will was such as to authorize the executor to sell the land without application to the orphans' court, yet the latter had supervisory power over the estate and, for its protection, could set aside the agreement of sale. Section 9 of the Orphans' Court Act of June 7, 1917, P. L. 363, 371 (a reënactment of the Act of 1836), provides, inter alia: "The jurisdiction of the several orphans' courts, whether separate or otherwise, shall extend to and embrace: ......All cases within their respective counties, wherein executors, administrators, guardians, or trustees may be possessed of, or are in any way accountable for, any real or personal estate of the decedent." In the recent opinion of this court by Mr. Justice SADLER, in Orr's Est., 283 Pa. 476, the subject is fully considered and the relevant authorities cited and we there hold: "The exercise of due discretion for the preservation of the assets of a decedent is not only permissible, but mandatory, and its [the orphans' court's] supervision over the disposition of realty should be exercised whether the sale be by virtue of an order for the payment of debts, or be made by an executor under a power conferred by will, so that a fund may be secured for like purpose, or that distribution be rendered possible to those designated by the testator...... When......we deal with the estate of a decedent, over which the court exercises a supervisory control for the benefit of all interested, it is well recognized that not only the power, but also the duty, exists to see that a fair value is received: Fricke's Est., 16 Pa. Superior Ct. 38; Schnebly's Est., 249 Pa. 208. This is true, though the attempted transfer by the executor, under the power granted him, was exercised in entire good faith." It is a matter for the orphans' court with which an appellate court will not interfere except in a plain case of an abuse of discretion: Bowers's App., 84 Pa. 311; and see Dundas's App., 64 Pa. 325; Haslage's

App., 37 Pa. 440. That the supervisory power of the orphans' court extends as well to a sale under a power in a will as to one made under an order of court is undoubted. See Brittain's Est., 28 Pa. Superior Ct. 144; Fricke's Est., supra; and the opinion by Judge HAWKINS, in Estate of Susanna Bichsel, 55 Pitts. L. J. (O. S.) 357. The question of inadequacy of price is one peculiarly within the discretion of the court below: Acklin's Est., 237 Pa. 528, 532; Williams's Est., 140 Pa. 187. The right of the orphans' court to set aside a sale for inadequacy alone is indisputable: Myers's Est., 192 Pa. 458, 461; and see opinion of Judge RHONE, in Breese's Est., 2 Kulp 62.

None of the other legatees joined in executing the sale agreement, but as the attorney for the estate expressed satisfaction with it, as did two or three of the legatees to third parties, it is strenuously urged by the able counsel for appellants that petitioners were thereby estopped from asking to have the sale set aside. This alleged talk by a few of the legatees was shortly after the date of the agreement, was not with appellants, nor acted upon by them, and had none of the elements of an estoppel.

Of course, applications to set aside sales of real estate should be made with reasonable promptness, but in view of the fact that this contract was to be closed at the end of a year and that nothing had been done thereunder after the initial payment, we are not persuaded that the orphans' court abused its discretion by entertaining the petition filed within the six months. It does not appear that appellants were prejudiced by the delay.

It is urged that the court erred in setting aside the sale without requiring a bond conditioned that the property would bring a higher price at a resale. Such a security is usually required, but the necessity for it here is not clear. Its purpose is to protect the estate from possible loss. Here the parties representing the estate are asking for the resale, so the bond would be for their

protection.  None of the legatees is asking for the bond and it could not benefit appellants, who are not interested in the price for which the property may be resold.

The orphans' court refused to sustain the appellees' contention that the sale should be set aside for the additional reason that one member of the syndicate was agent for the executor in making it, and found the fact to be otherwise.  As we sustain its conclusion on the other branch of the case, it is not necessary to consider this question.

The decree is affirmed and the appeal is dismissed at the cost of appellants.