## Levy's Estate

Before Van Dusen, Stearne, Klein, and Bok, JJ.

*Roy Martin Boyd,* for petitioner.

*Murray H. Spahr* and *Francis Shunk Brown,* for respondent.

*Kenneth Souser, Ladner & Ladner,* and *Duane, Morris & Heckscher,* for guardians and trustees ad litem.

*R. Sturgis Ingersoll,* for trustee.

STEARNE, J., May 19, 1936. — The trustee, clearly within the provisions of the will, entered into a contract to sell corporate stock. Certain of the beneficiaries, being dissatisfied with the sufficiency of the agreed consideration, secured a citation from this court to restrain the sale. Upon answers and replications the case was referred to a master. In the course of the hearings a substantially increased offer was made for the stock. Under Orr's Estate, 283 Pa. 476; McCullough's Estate, 292 Pa. 177; Hays' Estate, 286 Pa. 520, and many others, the proposed sale cannot be consummated, and the master so recommended. The real value of the stock became the subject of considerable conflicting testimony. This was because

of the character of the business, its assets, and the surrounding circumstances. The master very aptly found that "its value is impossible of estimation with even approximate accuracy for the purposes of this case. It can only reflect what a buyer is willing to pay for it". Most of the difficulties surrounding the present application were swept away when, at the argument, counsel for the proposed purchaser made a firm offer to meet the increased offer received during the hearings. Under these circumstances, nothing remains for the court to do but to adopt the recommendations of the master and restrain the sale complained of in the petition.

This court does not intend, if it can avoid it, to conduct an auction room. Unquestionably it is the duty of the court to protect the estate from improvident sales. On the other hand, the orphans' court does not believe that it is the opinion of the Supreme Court, under the authorities above cited, that after full and ample authority to bid at a sale an unsuccessful bidder may later appear, before settlement, and strike down a bargain made in good faith and for adequate consideration. To rule otherwise would seriously undermine the efficacy of all sales made by fiduciaries. While the estate in the instant case might benefit from an increased offer, nevertheless, the whole fabric of orphans' court sales would be seriously undermined if the rule were contrary.

Attention is directed to the fact that because of the present protracted litigation the substantial increase in price which has been obtained will probably be consumed in the costs of this litigation.

The trustee is directed to reopen negotiations for the sale of this stock, at a price of $39,000 or better, in order to obtain the highest available price therefor. The costs and expenses of the petitioner and her counsel will be presented to the auditing judge upon audit of the trustee's account for his appropriate action.

All exceptions are dismissed. We have approved the decree recommended by the master.