## Nirdlinger's Estate

*Arthur S. Arnold* and *Alma H. Arnold*, for petitioners.
*Louis Sherman*, for respondents.

STEARNE, J., October 29, 1937.—Petitioners, fiduciaries of decedent's estate, sold real estate to respondents for a consideration of $2,500, taking $100 deposit and executing with respondents the customary written agreement of sale. Before transfer of title an increased offer was made by another person for $3,000, whereupon petitioners notified respondents that their agreement was cancelled, tendered to them the down money, and entered into a new contract with the subsequent offeror. Respondents refused the tender and insisted upon retaining the benefit of their bargain. Petitioners thereupon cited respondents to show cause why their agreement should not be cancelled and the subsequent agreement declared valid. Respondents filed an answer to the petition. The case came on to be heard on petition and answer.

Under the authority of Orr's Estate, 283 Pa. 476, Hays' Estate, 286 Pa. 520, McCullough's Estate, 292 Pa. 177, and Crawford's Estate, 321 Pa. 131, in executory agreements for the sale of real or personal property, it is the duty of the fiduciary, and of the court, "to see that the interests of the estate [are] . . . conserved, and the best price obtained": Hays' Estate, supra, at page 528. An increase of 20 percent in the purchase price would indicate that the original sale price presumptively was not a fair value and was inadequate.

However, Mr. Justice Drew, in Levy's Estate, 326 Pa. 310, 315, wrote:

". . . a distinction must be drawn between agreements to sell and consummated sales: see *McCullough's Estate*, 292 Pa. 177. In the former, as in *Crawford's Estate*, 321 Pa. 131, where the price is inadequate, the performance of the contract will be restrained. But where the sale is consummated, as it is here, an entirely different result is necessarily reached. An honest purchaser is entitled to retain the benefits of his bargain. If an executor or trustee is recreant or exercises grossly bad judgment, the estate is protected by surcharging him on the audit of his account: *Cascaden v. Cascaden*, 140 Pa. 140."

The answer avers that, pending the settlement, the City of Philadelphia directed petitioners to make certain repairs to the real estate, to render it safe, and that the agent for petitioners so notified respondents, who, with the knowledge and consent of the agent, entered upon the premises and made such repairs at great expense to respondents.

We are of opinion that such facts, if true, might have a material effect upon these proceedings. It may well be that taking possession of property under a contract and the making of valuable improvements thereon are acts which, taken together, constitute sufficient part performance as would preclude a cancellation of respondent's agreement: Piatt v. Seif, 207 Pa. 614; Fay's Estate, 213 Pa. 428; Vittor et ux. v. Szymanski et ux., 321 Pa. 345.

However, the facts as set forth in the answer are not stated with sufficient particularity as would presently justify a definitive decree. Petitioners are therefore granted leave to file a replication to respondents' answer within 15 days from the filing of this opinion, and after a hearing is had such decree will be entered, based upon the merits of the case, as the facts disclosed at such hearing may warrant.