## Reichert's Estate

Before Van Dusen, P. J., and Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Albert B. Soffian* and *I. Emanuel Sauder,* for petitioner.

*James G. Gill* and *Willard, Green & Willard,* for executors and trustees.

BOLGER, J., December 29, 1944.—The record consists of a petition and preliminary objections thereto. Petitioner is a disappointed bidder for a piece of real estate which the executors sold to another bidder for $3,500 at private sale under a power contained in the will. The sale has been consummated by the payment of the consideration and the delivery and recording of the deed. Petitioner avers, inter alia, fraud and collusion between the executors and trustees, their counsel, and the successful bidder, whereby petitioner was excluded from a fair opportunity to buy the property; that he was and is willing to pay $4,500, which, with other elements of consideration, constitutes, he alleges, such a substantial increase over the purchase price as to render the latter inadequate. At the bar of the court, petitioner's counsel tendered a certified check for $1,000 as an evidence of good faith. Respondents include the executors and trustees, their counsel, the real estate broker, the successful bidder, and the substituted guardian for the two minor beneficiaries.

Preliminary objections were filed by the executors' attorney and one of the executors and trustees. An answer was filed by the successful bidder, the consideration of which is now a part of the case under consideration. No appearance was filed by the corporate guardian for the two minor beneficiaries, but it was orally stated by the attorney for the executors and trustees that the guardian is satisfied to let the sale stand. The objections assert a lack of standing or of interest, legal or equitable, in petitioner to raise the questions, a lack of clean hands, and scandalous matter, as well as other objections. To these objections the court, of its own motion, adds that of possible lack of jurisdiction of this court to entertain a petition to set aside the executed sale.

We are generally loath to dismiss a petition upon preliminary objections because it is our experience that

ordinarily justice is better dispensed when the full facts are disclosed in an answer and possibly in a replication. We find nothing in this case, although it admittedly involves serious charges against the fiduciaries and their attorney, to depart from this course.

We may not have authority to set aside a consummated sale made in good faith to an innocent purchaser: Levy's Estate, 326 Pa. 310, where the court said (pp. 315, 316):

"This sale was consummated. In cases of this type a distinction must be drawn between agreements to sell and consummated sales: see McCullough's Estate, 292 Pa. 177. In the former, as in Crawford's Estate, 321 Pa. 131, where the price is inadequate, the performance of the contract will be restrained. But where the sale is consummated, as it is here, an entirely different result is necessarily reached. An honest purchaser is entitled to retain the benefits of his bargain. If an executor or trustee is recreant or exercises grossly bad judgment, the estate is protected by surcharging him on the audit of his account; Cascaden v. Cascaden, 140 Pa. 140. The only forum for determination of the question of mere inadequacy of price, in cases of consummated sales, is the Orphans' Court, at the audit of the trustee's account, and the proper procedure the making of a demand for surcharge."

On the other hand, it is clear that an executed sale made by fraud or collusion with the purchaser is voidable and, therefore, subject to review. If the charges be substantiated, the duty rests upon the court to set the sale aside if the interests of the estate demand it: Orr's Estate, 283 Pa. 476; McCullough's Estate, 292 Pa. 177; Brittain's Estate, 28 Pa. Superior Ct. 144. The first two of these last-cited cases emphasize the plenary supervisory duty of this court in such premises, under the Orphans' Court Act of June 7, 1917, P. L. 363, and the third case, under the Act of April 18, 1853, P. L. 503, to see that "a fair value" is received for the

property whether upon the application of a party in interest, or solely upon its own responsibility without the intervention of a party in interest. In Orr's Estate, supra, the court said (p. 480) :

"Clearly, when the equitable powers of the orphans' courts are called upon to compel specific performance of an agreement obviously unfair to the estate, it should not lend its aid for such purpose, no matter whether the residuary legatee becomes a party or not, since into its hands has been placed the duty of seeing that the decedent's property be properly administered and conserved."

In the court's endeavor to fulfill its obligation in this case, we regard it as of indispensable importance, therefore, to determine preliminarily whether the facts set forth in the petition are true or false. This can be done only by dismissing the exceptions and requiring respondents to file an answer on the merits.

The beneficial interest in this estate resides entirely in two minors whose substituted guardian has been served with a copy of the petition and of the citation. The guardian has failed to appear and answer. While such action may be justified upon the facts, nevertheless we are of opinion that it is just as much a part of the plenary duty of the substituted guardian, who is an officer of this court, to enter the case and to aid the court in the determination of the issues involved here, as it is of the court of which it is a part to entertain and to decide the cause. We, therefore, direct that a copy of this opinion be served upon the substituted guardian, and that thereupon it comply with this direction to appear and to answer upon the merits and to participate in all subsequent phases of the case.

Accordingly, the preliminary objections are dismissed and leave is given to the respondents to file an answer within 15 days from the date of the filing of this opinion.