J-A19030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: ESTATE OF KARL E. BUTZ, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: LORRI ZIMMERMAN | No. 3161 EDA 2015 |

Appeal from the Order Entered October 1, 2015
in the Court of Common Pleas of Monroe County Orphans' Court
at No(s): 26 O.C. 2013

BEFORE: FORD ELLIOTT, P.J.E., OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED OCTOBER 19, 2016**

Appellant, Lorri Zimmerman, appeals from the judgment entered in the Monroe County Court of Common Pleas, Orphans' Court Division, granting Participant's, Jeffrey T. Butz's, petition to compel the sale of real estate. Appellant contends that the trial court erred by denying her petition for the partial distribution of the real estate in question and instead ordering the immediate sale of the property. We affirm.

The facts underlying this case are well-known to the parties. For purposes of this appeal, we note the following pertinent background gleaned from the trial court opinion and from the record. Appellant and Participant are brother and sister and are the sole beneficiaries of the estate of Karl E. Butz ("Decedent"). Decedent died testate on January 14, 2011. Initially, Appellant and Participant served as co-executors but both ultimately

_____

[*] Former Justice specially assigned to the Superior Court.

resigned and the trial court appointed James F. Marsh, Esq., as Administrator.

The estate has remained open as the beneficiaries have long attempted to resolve various disputes. After a failed attempt to sell Decedent's home, Administrator Marsh distributed the property in-kind to Appellant and Participant. Also in Decedent's estate is the large farm property ("Farm") here at issue. The Farm, having been in the Butz family for generations, was given to Appellant and Participant in Decedent's Will as part of a general bequest. The Farm consists of approximately sixty-four acres of unimproved land along Route 715 in Jackson Township, Monroe County and was valued at $715,000 for Pennsylvania Inheritance Tax purposes.

On March 21, 2014, Participant filed a petition to compel the sale of the Farm. Appellant opposed the sale of the Farm, citing a possible border dispute with a neighboring property, which could negatively impact the sale price. On July 21, 2014, the trial court conducted a hearing concerning, *inter alia*, the distribution of the Farm. Counsel for Appellant indicated that a survey had been performed regarding the Farm but the results were unavailable. N.T., 7/21/14, at 26. Counsel for Participant indicated that there was no evidence of record regarding a current border dispute and any title issue could be rectified through sale. *Id.* at 60. On July 25, 2014, the

trial court issued an order continuing the matter for consideration of any survey results and other alternatives for the Farm.

On April 29, 2015, Appellant filed a petition requesting that the Farm be distributed in-kind equally to both beneficiaries. On September 22, 2015, the trial court conducted a hearing to consider Appellant's petition for distribution of the Farm and Participant's petition to sell the Farm. Appellant testified and presented evidence of a survey performed during the Decedent's lifetime, which indicated that a border dispute might exist. N.T., 9/22/15, at 22-23. At the hearing, Joseph Fisher, a certified real estate appraiser, also testified. He stated that the value of the Farm had likely decreased due to declining values of real estate generally in Monroe County. *Id.* at 26-28. Fisher also opined that any boundary dispute, which could reduce the total acreage of the Farm significantly, would result in a lower market value at the time of sale. *Id.* at 34. Conversely, counsel for Participant indicated that the most recent survey commissioned by the Estate would show a lack of any border dispute. *Id.* at 70-71. However, the survey was not entered into evidence.

On October 1, 2015, the trial court issued an order and opinion denying Appellant's petition for partial distribution and granting Participant's petition to compel the sale of the Farm. To that end, the court directed that Administrator Walsh list the Farm for absolute auction, with no reserve, within sixty days of the trial court's order. The court cited 20 Pa.C.S. §

3534, which permits the public sale of any estate property unable to be divided, partitioned, or allotted. The trial court specifically noted that no definitive expert testimony was presented at trial regarding the boundary dispute and a survey, which was done by a reputable title company in Monroe County, was not offered into evidence. Trial Ct. Op., 10/1/15, at 2-3.

Further, the court found that the Farm could not be fairly divided between the parties because the property is not physically contiguous. *Id.* at 4. The court also specifically emphasized that the parties had demonstrated the inability to cooperate. *Id.* Therefore, a joint distribution of the Farm would likely devolve into a partition action that would, after considerable expense, ultimately also result in the sale of the Farm. *Id.* Thus, the court found that the public sale of the Farm would be the most expeditious method to resolve the matter, while allowing either party to buy out the other. *Id.* Further, any title issue could be resolved through the sales process. *Id.*

Appellant filed the instant timely appeal and a court-ordered Pa.R.A.P. 1925(b) statement of matters complained of on appeal. The trial court issued a responsive opinion, referencing the reasoning set forth in the court's October 1, 2015 opinion. Appellant sets forth the following issues for review:

> Did the lower Court abuse its discretion and commit an error of law by granting the Petition to Compel the Sale of

Real Estate filed by [Participant], and denying the Petition for Partial Distribution brought by [Appellant] as:

1. any sale by absolute auction without reserve of the Property is in contravention of the lower Court's Order of July 25, 2014 as no title search has been completed, and thus, [Participant's] Petition is violative of Pennsylvania Supreme Court Orphans' Court Rule 12.9;

2. any sale by absolute auction without reserve of the Property will irreparably harm the Estate and result in a sale price which is far less than the market value and thus will result in waste and dissipation, particularly in light of existing and unaddressed title issues impacting the Property in contravention of the lower Court's prior Order of July 25, 2014;

3. the lower Court made its determinations without sufficient reasons to discredit the unrebutted evidence of [Appellant] and Fisher and as such, the Court abused its discretion and committed an error of law, and the finding necessary to support the Opinion and Order are not supported by substantial evidence of record?

Appellant's Brief at 8-9.

The crux of all three of Appellant's arguments concern the possible boundary dispute and whether such potential dispute would substantially diminish the value received for the Farm at a public sale.[1]  Accordingly, we

---

[1] To the extent that Appellant contends that Participant's petition to compel the sale of the Farm was deficient under Orphans' Court Rule 12.9 because it did not contain any reference to the possible boundary dispute, we hold such argument to be waived.  Appellant failed to present this issue to the trial court in the over two years since Appellant's petition was filed and also failed to raise it in her Rule 1925(b) statement.  It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).  Further, any issue not raised in a Rule 1925(b) statement is deemed waived.  Pa.R.A.P. 2116(a); **In re Estate of Daubert**, 757 A.2d 962, 963 (Pa. Super. 2000).

discuss all of Appellant's contentions together. Appellant specifically avers that the trial court erred by granting Participant's petition to compel the sale of the Farm at a public auction because the potential boundary dispute will diminish any sale proceeds leading to waste and dissipation of estate assets. Appellant contends that the trial court's July 25, 2014 order acknowledged the boundary dispute by continuing the case for review of survey results and other alternatives for the Farm. Further, Appellant argues that the trial court failed to properly consider the testimony of Appellant and Fisher regarding the boundary dispute and the resulting diminished value that the Farm would receive at a public sale. We hold Appellant is not due relief.

We begin by noting our standard of review:

> Our standard of review of the findings of an [O]rphans' [C]ourt is deferential. When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.
>
>> As an appellate court we can modify an Orphan' Court decree only if the findings upon which the decree rests are unsupported by competent or adequate evidence or if there has been an error of law, an abuse of discretion or a capricious disbelief of competent evidence. The test to be applied is not whether we, the reviewing court, would have reached the same result, but whether a judicial mind, after considering the evidence as a whole, could reasonably have reached the same conclusion.

*In re Devoe*, 74 A.3d 264, 267 (Pa. Super. 2013) (quotation marks and citations omitted).

Further, it is axiomatic that "the Orphans' Court Division has mandatory and exclusive jurisdiction over the administration and distribution of the real and personal property of decedents' estates." *In re Ciuccarelli*, 81 A.3d 953, 958 (Pa. Super. 2013) (citation omitted). Specifically, regarding the sale of real estate by a fiduciary, it is well-settled that when "we deal with the estate of a decedent, over which the court exercises a supervisory control for the benefit of all interested, it is well recognized that not only the power, but also the duty, exists to see that a fair value is received." *McCullough's Estate*, 140 A. 865, 867 (Pa. 1928). Further, it is beyond cavil "that fiduciaries entrusted with the administration of an estate have a duty to exercise the upmost fairness in dealing with beneficiaries." *Estate of Bosico*, 412 A.2d 505, 507 (Pa. 1980).

Also pertinent is Section 3534 of the Probate Code, which provides for the distribution of estate property as follows:

### § 3534.  Distribution in kind

The court, for cause shown, may order the estate to be distributed in kind to the parties in interest, including fiduciaries.  In such case, when there are two or more distributees, distribution may be made of undivided interests in real or personal estate or the personal representative or a distributee may request the court to divide, partition and allot the property, or to direct the sale of the property.  If such a request is made, the court, after such notice as it shall direct, shall fairly divide, partition and allot the property among the distributees in proportion

> to their respective interests, or the court may direct the personal representative to sell at a sale confined to the distributees, or at a private or public sale not so confined, any property which cannot be so divided, partitioned or allotted.

20 Pa.C.S. § 3534.

Instantly, while Appellant is correct that the trial court's 2015 order continued the matter for the review of survey results and potential other alternatives for the Farm, Appellant did not present the most current survey results, commissioned by the estate, to the court. Therefore, we decline to conclude that the trial court erred by entering an order without the benefit of such survey.

With respect to Appellant's argument that the trial court erred by not considering her own testimony and that of Fisher to be dispositive regarding the existence of a boundary dispute, the determination of witnesses' credibility is a task reserved for the Orphans' Court as the fact-finder. **See In re Devoe**, 74 A.3d at 267. Thus, we hold that the trial court did not err by concluding that conclusive evidence of a boundary dispute was not presented. **Id**. Accordingly, the trial court aptly determined that a public sale for the Farm would yield a fair price where the presence of a border dispute was not established and any potential encumbrance on the Farm's title could be resolved through the process of sale. **See McCullough's Estate**, 140 A. at 867. Appellant's issues on appeal lack merit.

Moreover, the trial court was well within its purview by ordering the sale of the Farm. The Probate Code specifically permits courts to order the sale of real property within an estate, upon request of a distributee, where such property cannot be divided, partitioned, or allotted. *See* 20 Pa.C.S. § 3534. In this case, the trial court specifically found that any attempt to distribute the Farm "in-kind" would likely result in a partition action because the parties had demonstrated an inability to cooperate within the confines of joint ownership. *See* Trial Ct. Op. at 4. Further, the non-contiguous nature of the Farm itself makes any attempt to fairly divide the property physically untenable. *Id*. Indeed, as noted by the trial court, a public sale of the Farm will allow for the efficient distribution of the property and will avoid a likely partition action leading to the same end: the sale of the Farm. Therefore, we conclude that the trial court did not err in granting Appellant's petition to compel the immediate sale of the Farm and we affirm the trial court's order.[2] *See* 20 Pa.C.S. § 3534; *In re Ciuccarelli*, 81 A.3d at 958.

Order affirmed.

---

[2] Consistent with the trial court's October 1, 2015 order, we order the Administrator to list the Farm with an auctioneer for an absolute sale, without reserve, within sixty days. Accordingly, we direct the Administrator to prepare the Farm for sale by, *inter alia*, obtaining clear title for the property.

J-A19030-16

Judgment Entered.

_Joseph D. Seletyn_ (signature)

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/19/2016</u>